## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAWAII-PACIFIC APPAREL GROUP, INC.<br>3037 Vail Avenue<br>Los Angeles, California  90040 | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CLEVELAND BROWNS FOOTBALL<br>COMPANY, LLC<br>76 Lou Groza Boulevard<br>Berea, Ohio  44017 | )<br>)<br>)<br>) |
| | ) |
| and | ) |
| | ) |
| NATIONAL FOOTBALL LEAGUE<br>PROPERTIES, INC.<br>280 Park Avenue<br>New York, New York  10017 | )<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

No. _____

COMPLAINT

NOW COMES the Plaintiff, HAWAII-PACIFIC APPAREL GROUP, INC., and complaining of the Defendants, CLEVELAND BROWNS FOOTBALL COMPANY, LLC, and NATIONAL FOOTBALL LEAGUE PROPERTIES, INC., would respectfully show as follows:

### PARTIES AND JURISDICTION

1.      Jurisdiction is founded on a federal question, within the meaning of 28 U.S.C. §§ 1331 and 1338, in that it is a suit for infringement and unfair competition under the

provisions of the Lanham Trademark Act, 15 U.S.C. § 1121(a). The Court's supplemental jurisdiction over the state law claims is invoked pursuant to 28 U.S.C. § 1367.

2.    Plaintiff, Hawaii-Pacific Apparel Group, Inc. ("HPAG"), is an Hawaii corporation with its principal place of business at 3037 Vail Avenue, Los Angeles, California 90040.

3.    Plaintiff is reliably informed and on the basis of that information alleges that Defendant Cleveland Browns Football Company, LLC ("the Browns"), is a Delaware limited liability company with its principal place of business at 76 Lou Groza Boulevard, Berea, Ohio 44017.

4.    Plaintiff is reliably informed and on the basis of that information alleges that Defendant National Football League Properties, Inc. ("NFLP"), is a California corporation with its principal place of business at 280 Park Avenue, New York, New York 10017.

5.    The Browns, by virtue of transacting business within New York and contracting to supply goods or services in the state through the medium of its trademark licensor, NFLP, within the meaning of N.Y. CPLR 302(a)(1), have purposely availed themselves of the privilege of doing business in New York and have committed tortious acts within New York, within the meaning of N.Y. CPLR 302(a)(2), such that the exercise of personal jurisdiction is reasonable. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## COMMON FACTUAL ALLEGATIONS

6.      Since 1991, HPAG has been engaged in the sale of wearing apparel and footwear, and such sales have extended throughout the United States. Over the years HPAG has identified its goods with a family of trademarks, including, inter alia, TOP DAWG, LIL DAWG POUND, and DAWG POUND.

7.      Since at least March 1, 1995 and March 8, 1994, respectively, HPAG adopted, for the purpose of identifying its goods and distinguishing them from the goods of other manufacturers, trademarks consisting of the words LIL DAWG POUND and DAWG POUND.

8.      HPAG is the owner of a family of marks including LIL DAWG POUND, Registration No. 1,963,463; TOP DAWG, Registration No. 1,886,130; DAWG POUND, Application Serial No. 74/498198; DA DAWG, Application Serial No. 75/023191; and TOP DAWG, Application Serial No. 75/113517.

9.      The National Football League ("NFL") is a group of professional football teams, one of which is the Cleveland Browns, which, on information and belief, is owned and operated by the Browns. The member teams of the NFL engage during the football season in competitive sporting contests, all of which are televised regionally and/or nationally, in various cities throughout the United States, including New York. The New York Giants and the Buffalo Bills are also member teams of the NFL, each of whom play their home contests in New York or are headquartered in this judicial district.

10.    HPAG is reliably informed and on the basis of that information alleges that NFLP is an affiliate of the NFL. NFLP is the exclusive trademark licensee of the member teams of the NFL, including the Cleveland Browns. On behalf of the NFL and its member teams, NFLP sublicenses the manufacture and sale of goods and merchandise bearing the logos and trademarks of the member teams.

11.    Commencing some time during 1985 or thereabouts, certain fans and supporters of the Cleveland Browns congregated at a particular location in the stadium where the Cleveland Browns play their home games and, to identify themselves as particularly avid supporters of the team, began to refer to that location as the "Dawg Pound." Thus, the term "Dawg Pound" began to be associated in the minds of followers of professional football with the fans and supporters of the Cleveland Browns, but not with the Browns, NFL, or NFLP. Neither the Browns nor NFLP used or licensed the mark DAWG POUND or PUPPY POUND prior to HPAG's use and subsequent registration of the DAWG POUND and LIL DAWG POUND marks, respectively.

12.    In the spring of 2000, it came to the attention of HPAG that the Browns and/or NFLP were selling and/or licensing products embodying HPAG's various DAWG trademarks in various markets including, but not limited to, the Internet. Attached hereto as an Appendix is a schedule of licensees ostensibly licensed by or on behalf of the Browns and NFLP.

13.    On March 29, 2000, HPAG, via undersigned counsel, sent a letter to the Browns and NFLP, demanding that they immediately cease and desist using HPAG's trademark, DAWG POUND.

14.    On or about May 8, 2000, the Browns and NFLP filed suit in the United States District Court for the Northern District of Ohio against HPAG, alleging, inter alia, federal unfair competition, federal dilution, deceptive trade practices under Ohio statutory law, unfair competition under Ohio common law, and seeking a declaration that their use of the DAWG POUND mark was noninfringing.  The district court dismissed the action on the basis of a lack of personal jurisdiction, and the United States Court of Appeals for the Sixth Circuit affirmed in an unreported opinion, *Cleveland Browns Football Co., LLC v. Hawaii-Pacific Apparel Group, Inc.,* 90 Fed. Appx. 868, 2004 WL 232731 (6th Cir. 2004).

15.    The parties have been engaged in various opposition and cancellation proceedings for a protracted period of time and, despite numerous efforts to do so, have not been able to resolve their differences amicably.

16.    From and after 2000 and until the present, HPAG has sold authorized apparel and other items utilizing the DAWG POUND marks, or derivations thereof.  From and after 2000, and despite HPAG's notice of infringement, on information and belief, the Browns and NFLP have continued to license the sale of apparel and other goods utilizing the infringing marks aforesaid in New York and elsewhere, all to the substantial injury of HPAG.  Because of the marketing expenditures and resources of the Browns and NFLP, and in view of the ongoing litigation between the parties hereto, sellers of authorized merchandise bearing the marks owned exclusively by HPAG who otherwise would actively promote and sell that merchandise are reluctant to do so because of the false claims of ownership of the various marks aforesaid made by the Browns and NFLP.

## COUNT I
## TRADEMARK INFRINGEMENT—FEDERAL LAW

17.    The allegations of ¶¶ 1-16 are incorporated as if repeated verbatim.

18.    On May 17, 1995, HPAG applied for registration of the trademark LIL DAWG POUND in the United States Patent and Trademark Office for use in association with wearing apparel and, on March 19, 1996, HPAG was granted Registration No. 1,963,463 in International Class 25 for the trademark.  This registration is valid, subsisting, and uncanceled.  A copy of the trademark search result reflecting the registration is attached hereto, marked Exhibit A, and by this reference is made a part hereof.

19.    On March 8, 1994, HPAG applied for registration of the trademark DAWG POUND in the United States Patent and Trademark Office for use in association with wearing apparel in International Class 25.  This application remains pending and subject to the opposition filed on behalf of the Defendants. A copy of the trademark search result reflecting the application for federal Registration No. 74/498198 is attached hereto, marked Exhibit B, and by this reference is made a part hereof.  Hereinafter sometimes the marks LIL DAWG POUND and DAWG POUND are referred to collectively as the Marks.

20.    The cumulative total volume of business done by HPAG under the Marks now amounts to approximately $10 million.

21.    HPAG has spent large sums of money in advertising and otherwise promoting the sale of its garments and has prominently featured the Marks in its sales activities.

22.    HPAG's garments, sold under the Marks, are of high quality and, as a consequence, are well and favorably known to the trade and public as being of the best

quality and entitled to full confidence. HPAG's trademark is a primary means by which the garments are identified as having been produced and sold by HPAG.

23.    HPAG has built up and now has valuable goodwill connected with its business, and this goodwill is symbolized by HPAG's trademarks, among which are the Marks.

24.    In accordance with the provisions of 15 U.S.C. § 1111, HPAG's trademark, as displayed on HPAG's garments, is accompanied by the letter R enclosed within a circle to provide notice that the trademark has been registered.

25.    Long after the adoption and widespread use of the Marks by HPAG, and long after the mark LIL DAWG POUND had been registered in the United States Patent and Trademark Office, NFLP and the Browns, beginning in March and April of 1999, filed intent-to-use applications in an attempt to register in the United States Patent and Trademark Office the trademarks DAWG POUND and PUPPY POUND, which applications for registration thus far have been refused by reason of HPAG's prior and previous exclusive use of the Marks aforesaid, of which the Browns and the NFLP had actual knowledge by reason of the action of the Trademark Office in declining to register the marks for which the Browns had applied for registration. Significantly, the Browns and NFLP filed intent-to-use applications, rather than actual use applications. As a consequence, no date of first use or first use in interstate commerce for either mark was provided to the United States Patent and Trademark Office.  The foregoing office actions by the Trademark Office may be summarized as follows:

> Application No. 75/668612 filed March 26, 1999; nonfinal action of denial mailed Sept. 9, 1999;

Application No. 75/687371 filed April 20, 1999; nonfinal action of denial mailed Oct. 20, 1999;

Application No. 75/687370 filed April 20, 1999; nonfinal action of denial mailed Sept. 16, 1999;

Application No. 75/687369 filed April 20, 1999; nonfinal action of denial mailed Oct. 20, 1999;

Application No. 75/687368 filed April 20, 1999; nonfinal action of denial mailed Sept. 8, 1999;

Application No. 75/786051 filed August 28, 1999; nonfinal action of denial mailed Jan. 6, 2000.

26.    HPAG is reliably informed and believes, and based on such information and belief alleges, that the Browns and NFLP, without HPAG's consent or approval and after the Browns and NFLP had received actual notice of HPAG's prior registration of its trademark, nonetheless licensed the use of the mark DAWG POUND, or confusingly similar variants thereof, to competitors of HPAG, which licensing was, and is, deliberate; the use by the Browns and NFLP of HPAG's trademarks was for the purpose of giving the licensees' products consumer appeal and salability, by usurping HPAG's own reputation and goodwill, which the products of those putative licensees otherwise would not have.

27.    HPAG is reliably informed and believes, and based on such information and belief alleges, that the Browns and NFLP, without HPAG's consent or approval and after the Browns and NFLP had received actual notice of HPAG's prior registration of its trademark, nonetheless licensed the use of the mark PUPPY POUND, or confusingly similar variants thereof, to competitors of HPAG, which licensing was, and is, deliberate; the use by the Browns and NFLP of HPAG's trademark was for the purpose of giving the licensees'

products consumer appeal and salability, by usurping HPAG's own reputation and goodwill, which the products of those putative licensees otherwise would not have.

28.     The licensing by the Browns and NFLP of the above-mentioned design and trademarks on garments sold by their licensees is likely to deceive purchasers as to the source of the licensees' goods, in that the trade and the public are likely to believe that the goods sold by those licensees originate with HPAG or with a business that has a legitimate connection with HPAG.

29.     The use and licensing of the Marks by the Browns and NFLP constitutes infringement of HPAG's trademarks, within the meaning of § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

30.     HPAG has demanded in writing that the Browns and NFLP discontinue their use and licensing of the imitation of HPAG's trademarks, but Defendants have thus far refused to comply with this demand; at present, Defendants persist in opposition proceedings before the United States Patent and Trademark Office, which proceedings interfere with and impede HPAG's lawful and exclusive use of the Marks.  A copy of HPAG's demand is attached, marked Exhibit C, and is incorporated by reference.

31.     The infringement by the Browns and NFLP of the Marks, as described above, is causing irreparable injury to HPAG's trade, business reputation, and goodwill. The infringement by Defendants of the Marks is also causing HPAG to incur expenses for the purpose of informing consumers that the products presumably licensed by the Defendants are not produced by HPAG, and thus preventing consumers from being deceived as to the source

of products, the sale of which has been unlawfully licensed by the Defendants. The opposition proceedings before the United States Patent and Trademark Office create uncertainty regarding the true ownership and exclusive right of HPAG to use and license the Marks. The infringement by Defendants of the Marks will continue to cause injury and expense to HPAG unless Defendants are restrained by order of this Court from further infringement of HPAG's trademarks.

32.    HPAG's products bearing the Marks are sold by HPAG in interstate commerce, and the infringing products, bearing the imitation of the Marks which have been licensed by the Defendants, are also sold in interstate commerce.

## COUNT II
## UNFAIR COMPETITION—FEDERAL LAW

33.    The allegations of ¶¶ 1-32 are incorporated as if repeated verbatim.

34.    The aforesaid acts of the Defendants constitute the unauthorized use of words, terms, symbols, and devices, and combinations of the same; the use by the Defendants of the foregoing constitute false designation of origin, false and misleading representation of facts that are likely to cause and do cause confusion or mistake regarding the affiliation, connection, or association of the Defendants with HPAG or with respect to the origin, sponsorship, or approval of the goods and services used or licensed by the Defendants and their other commercial activities.

35.    The foregoing acts of the Defendants constitute the use of words, terms, symbols, and devices, and combinations thereof in such a way as to amount to a false

designation of origin, and false, misleading, or confusing misrepresentations of fact in the context of commercial advertising or promotion regarding the nature, characteristics, qualities, or origin of the goods, services, or commercial activities of the Defendants and their licensees.

36.     The aforesaid acts of the Defendants constitute false designation of origin and false and misleading descriptions and representations, all in violation of § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a).

37.     Unless restrained by this Court, the aforesaid acts of the Defendants have caused and will continue to cause HPAG irreparable harm and damage.


## COUNT III
## UNFAIR COMPETITION—NEW YORK LAW

38.     The allegations of ¶¶ 1-37 are incorporated as if repeated verbatim.

39.     The foregoing acts, and failures to act, of the Defendants were undertaken in bad faith for the purpose of misappropriation of the labors and expenditures of Plaintiff.

40.     The foregoing acts and practices of the Defendants, unless restrained by this Court, have a tendency to mislead or deceive the public regarding the source and origin of goods as hereinbefore alleged.

41.     Unless restrained by this Court, the aforesaid acts of the Defendants have caused and will continue to cause HPAG irreparable harm and damage.

## COUNT IV
## DECLARATION OF NONINFRINGEMENT

42.    The allegations of ¶¶ 1-41 are incorporated as if repeated verbatim.

43.    HPAG's use of the Marks does not and will not (a) cause confusion or mistake or tend to deceive the public in violation of § 32(l) of the Lanham Trademark Act, 15 U.S.C. § 1114(l); (b) constitute unfair competition or a false designation of origin in violation of § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a); (c) constitute unfair competition or trademark infringement under the common law of New York; or (d) otherwise violate federal or state statutory or common law.

WHEREFORE, HPAG prays for relief as follows:

a.    That judgment be granted in favor of HPAG and against Defendants, jointly and severally;

b.    That the Defendants, their agents, servants, and employees, and anyone acting by or on behalf of the Defendants, be enjoined preliminarily and permanently from using, promoting, advertising, selling, or offering for sale, distributing, or licensing for any purposes whatsoever DAWG POUND, PUPPY POUND, or any colorable imitations thereof or anything confusingly similar thereto;

c.    That the Defendants be ordered to cancel, terminate, and discharge any licenses of the mark DAWG POUND and PUPPY POUND and disclose under oath all those who have been licensed by the Defendants to use the mark DAWG POUND and PUPPY POUND, or any colorable imitations thereof or anything confusingly similar thereto;

d.      That the Defendants be required, pursuant to § 34 of the Lanham Trademark Act, 15 U.S.C. § 1116, to file with this Court and to serve upon HPAG within 30 days after service upon Defendants of this Court's injunction issued in this action, a written report by Defendants, under oath, setting forth in detail the manner in which Defendants have complied with the injunction issued by the Court;

e.      That the United States Patent and Trademark Office, Trademark Trial and Appeal Board, grant HPAG's application serial number 74/498198 and grant judgment in favor of HPAG in opposition number 97,444, grant HPAG's application serial number 75/023191 and grant judgment in favor of HPAG in opposition number 103,810, grant HPAG's application serial number 75/113517 and grant judgment in favor of HPAG in opposition number 16,672, grant judgment in favor of HPAG in cancellation number 29,083, and grant judgment in favor of HPAG in cancellation number 29,744.

f.      That Defendants be required, pursuant to 15 U.S.C. § 1117, to account to HPAG for all profits realized by Defendants as a result of the above-described trademark infringement;

g.      That HPAG recover from the Defendants all damages sustained by HPAG as a result of the infringement by Defendants of HPAG's trademark, as provided by 15 U.S.C. § 1117;

h.      That HPAG have and recover from Defendants treble the damages sustained by HPAG, as provided by 15 U.S.C. § 1117;

i.    That HPAG have and recover from Defendants the costs of this action, together

with its reasonable attorney's fees; and

j.    That HPAG be granted such other and further relief as may be just and proper.

Dated: _____                Respectfully submitted,

                                       Hawaii-Pacific Apparel Group, Inc.

                                       By _____
                                       Christine Karol Roberts CR 0669
                                       Law Offices of Christine Karol Roberts
                                       1109 West Twenty-First Street
                                       Floral Park, CA  92706
                                       Telephone:  (714) 479-0024
                                       Facsimile:  (714) 479-0025
                                       E-mail: ckroberts@aol.com

                                       Attorney for Plaintiff

## APPENDIX OF BROWNS LICENSEES

Lee Sport
c/o VF Knitwear
Post Office Box 5423
Walker Road
Martinsville, VA  24115-5423

Puma North America, Inc.
5 Lyberty Way
Westford, MA  01886

Logo Athletic, Inc.
8677 Logo Athletic Court
Indianapolis, IN  46219

Reebok International, Ltd.
1895 J.W. Foster Boulevard
Canton, MA  02021

Sportsline.com, Inc.
Post Office Box 10127
Fort Lauderdale, FL  33310

Browns Team Shop
10250 Brecksville Road
Brecksville, OH  44141



UNITED STATES PATENT AND TRADEMARK OFFICE

| Home | Index | Search | System Alerts | eBusiness Center | News & Notices | Contact Us |
|------|-------|--------|---------------|------------------|----------------|------------|

## Trademark Electronic Search System(Tess)

*TESS was last updated on Fri Sep 24 04:41:09 EDT 2004*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP |
|----------|-----------|-----------|----------|------------|-----------|-------------|--------|------|

Logout | Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

Check Status *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

**Typed Drawing**

| | |
|---|---|
| **Word Mark** | **LIL DAWG POUND** |
| **Goods and Services** | IC 025. US 022 039. G & S: +clothing, namely shirts, [ pants, ] shorts, [ jackets and swimwear; headwear, namely caps, hats, ] baseball caps [ and Sherpa hats; and footwear, namely shoes, tennis shoes and work shoes ]. FIRST USE: 19950301. FIRST USE IN COMMERCE: 19950301 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 74675081 |
| **Filing Date** | May 17, 1995 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | December 26, 1995 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | 1963463 |
| **Registration** | March 19, 1996 |

| | |
|---|---|
| **Date** | |
| **Owner** | (REGISTRANT) Hawaii-Pacific Apparel Group, Inc. CORPORATION HAWAII 3037 Vail Avenue Commerce CALIFORNIA 90040 |
| **Attorney of Record** | MORLAND C. FISCHER |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP

HOME | INDEX | SEARCH | SYSTEM ALERTS | BUSINESS CENTER | NEWS&NOTICES | CONTACT US | PRIVACY STATEMENT

2



UNITED STATES PATENT AND TRADEMARK OFFICE

| Home | Index | Search | System Alerts | eBusiness Center | News & Notices | Contact Us |

## Trademark Electronic Search System(Tess)
*TESS was last updated on Fri Sep 24 04:41:09 EDT 2004*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP | PREV LIST |
| CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout | Please logout when you are done to release system resources allocated for you.

Start | List At: [     ]   OR  Jump | to record: [     ]    **Record 27 out of 27**

Check Status *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

### Typed Drawing

| | |
|---|---|
| **Word Mark** | **DAWG POUND** |
| **Goods and Services** | IC 025. US 039. G & S: clothing, namely, footwear, head wear, shirts, pants, shorts, jackets and swim wear |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 74498198 |
| **Filing Date** | March 8, 1994 |
| **Current Filing Basis** | 1B |
| **Original Filing Basis** | 1B |
| **Published for Opposition** | November 29, 1994 |
| **Owner** | (APPLICANT) Hawaii-Pacific Apparel Group, Inc. CORPORATION HAWAII 1750 Kalakaua Avenue, Suite 3-779 Honolulu HAWAII 96286 |
| **Attorney of Record** | Margie R. Dickinson |
| **Prior** | |

| | |
|---|---|
| **Registrations** | 1780358 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP | PREV LIST |
|---|---|---|---|---|---|---|---|---|---|
| CURR LIST | NEXT LIST | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | |

HOME | INDEX | SEARCH | SYSTEM ALERTS | BUSINESS CENTER | NEWS&NOTICES |
CONTACT US | PRIVACY STATEMENT

3

LAW
OFFICES
OF
CHRISTINE
KAROL
ROBERTS

*CHRISTINE KAROL ROBERTS*

*Licensed in California*
*and Texas*

*In Association with Morland C. Fischer*

P. O. BOX 9827
BAYVIEW CENTER
NEWPORT BEACH, CA 92658
TELEPHONE 949.854.8500
FACSIMILE 949.854.8535
INTERNET WEB SITE: www.ckrobertslaw.com
INTERNET E MAIL: ckroberts@attymail.com

March 31, 2000

Robert L. Raskopf, Esq.
White & Case
1155 Avenue of the Americas
New York, NY 10036

Re:   Hawaii-Pacific Apparel Group, Inc. - **LIL DAWG POUND**
        Registration No. 1,963,463 - March 19, 1996
        and **DAWG POUND**, Application Serial No. 74/498198

Dear Mr. Raskopf:

I represent Hawaii-Pacific Apparel Group, Inc. of Hawaii and California. As you are aware,
my client is the owner of various registered trademarks and pending applications which constitute
a family of **DAWG** marks, hereinafter the "Marks.". In particular, my client is the owner of the
above trademark registration for the trademark **LIL DAWG POUND** in International Class 25 for
clothing, namely shirts, pants, shorts, jackets and swimwear; headwear, namely caps, hats, baseball
caps and sherpa hats; and footwear, namely shoes, tennis shoes and work shoes, hereinafter referred
to as the "Registration." Further, my client asserts both common law and statutory rights to the mark
**DAWG POUND** which is the subject of Application Serial No.74/498198, in International Class
25 for clothing, footwear and headgear.

Robert L. Raskopf, Esq.
March 31, 2000
Page 2

It has come to the attention of Hawaii-Pacific Apparel Group, Inc. that your clients, Cleveland Browns Football Company, LLC and/or your licensees or related entities are using the mark **DAWG POUND** in commerce through retail outlets and on the Internet on certain clothing items, such as t-shirts, which are covered by the Registration and my clients common law and statutory rights.

The names **DAWG POUND, LIL DAWG POUND, TOP DAWG** and Hawaii-Pacific Apparel Group, Inc.'s family of marks have become associated with Hawaii-Pacific Apparel Group, Inc. and its products. **DAWG POUND** and **LIL DAWG POUND** are employed by both the public and the clothing industry to refer to products marketed by Hawaii-Pacific Apparel Group, Inc. It is our position that your clients' use of the term **DAWG POUND** creates a likelihood of confusion with my client's Registration and its family of marks and, as such, constitutes trademark infringement, unfair competition and dilution of my client's family of marks.

On behalf of Hawaii-Pacific Apparel Group, Inc., we request that you immediately:

1.   cease and desist using the mark **DAWG POUND** or any other trade identity designation containing any of Hawaii-Pacific Apparel Group, Inc.'s marks;

2.   provide us with an accounting setting forth detailed information concerning the nature and volume of products you have sold bearing the term **DAWG POUND;**

3.   terminate any existing license agreements with third parties which permit the use of the Marks in question including **DAWG POUND** and **LIL DAWG POUND.**

4.   sign an agreement setting forth the terms on which this matter can be resolved, including payment of compensation to Hawaii-Pacific Apparel Group, Inc. for the damages arising from the above-described infringing activities of your clients.

If this matter is to be resolved amicably, we must have your compliance with the foregoing demands within ten (10) days of the date of this letter. We must receive your full cooperation with all of these demands, and any other that may become appropriate as we learn more about the nature of your infringing activities, or Hawaii-Pacific Apparel Group, Inc. will proceed to vigorously enforce its rights through the judicial system. I look forward to your early response to the matters discussed above.

Cordially,


Christine Karol Roberts

cc:     Hawaii-Pacific Apparel Group, Inc.