UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAWAII-PACIFIC APPAREL GROUP, INC., | Case No.: 04 CV 7863 (DC) |
| Plaintiff/Counterclaim Defendant, | Judge: The Honorable Denny Chin |
| -against- | |
| CLEVELAND BROWNS FOOTBALL COMPANY LLC and NATIONAL FOOTBALL LEAGUE PROPERTIES, INC., | **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| Defendants/Counterclaim Plaintiffs. | |

Defendants/Counterclaim Plaintiffs Cleveland Browns Football Company LLC (the "Cleveland Browns" or the "Browns") and NFL Properties LLC, as successor-in-interest to National Football League Properties, Inc. ("NFLP"), by their attorneys White & Case LLP, answer the complaint of Plaintiff/Counterclaim Defendant Hawaii-Pacific Apparel Group, Inc. ("HPAG") as follows:

## PARTIES AND JURISDICTION

1.      The Browns and NFLP admit that HPAG purports to allege that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367(a), admit that HPAG purports to bring a suit for infringement and unfair competition under 15 U.S.C. § 1121(a) and except as so admitted deny the remaining allegations of Paragraph 1 of the Complaint.

2.      The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3.      The Browns and NFLP admit the allegations of Paragraph 3 of the Complaint.

Dockets.Justia.com

4.      The Browns and NFLP deny the allegations of Paragraph 4 of the Complaint and aver that NFL Properties LLC, the successor-in-interest to National Football League Properties, Inc., is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 280 Park Avenue, New York, New York 10017. For purposes of this Answer, all allegations in the Complaint as to "NFLP" shall be treated as allegations against NFL Properties LLC, the successor-in-interest to National Football League Properties, Inc.

5.      The Browns and NFLP admit that HPAG purports to allege that the Court has personal jurisdiction pursuant to N.Y. C.P.L.R. 302(a)(1) and (a)(2), admit that HPAG purports to allege that venue is proper in this District under 28 U.S.C. § 1391(b)(2) and except as so admitted deny the remaining allegations of Paragraph 5 of the Complaint.

## COMMON FACTUAL ALLEGATIONS

6.      The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7.      The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8.      The Browns and NFLP deny the allegations of Paragraph 8 of the Complaint.

9.      The Browns and NFLP admit that the National Football League is an unincorporated association of member clubs, including the Cleveland Browns club, the New York Giants club and the Buffalo Bills club, admit that the member clubs play competitive

football games that are broadcast in various cities throughout the United States, some of which are broadcast in New York, admit that the Buffalo Bills club plays its home games in Buffalo, New York and except as so admitted deny the remaining allegations of Paragraph 9 of the Complaint.

10.    The Browns and NFLP admit that NFLP is an entity related to the NFL, admit that NFLP licenses the trademarks of the member clubs of the NFL, including the Cleveland Browns, for use in connection with various goods and merchandise and except as so admitted deny the remaining allegations of Paragraph 10 of the Complaint.

11.    The Browns and NFLP deny the allegations of Paragraph 11 of the Complaint, and aver that before HPAG's purported use of the DAWG POUND and LIL DAWG POUND marks, (i) the public associated the term "Dawg Pound" with the Browns and the NFL and (ii) the Browns and NFLP entered into license agreements with manufacturers and distributors of merchandise to use variations of the DAWG mark in connection with authorized goods. The Browns and NFLP set forth these facts more fully in their Counterclaims, infra.

12.    The Browns and NFLP admit that Lee Sport, Puma North America, Inc., Logo Athletic, Inc., Reebok International, Ltd, Sportsline.com, Inc. and Browns Team Shop are or have been authorized licensees, brands or retailers of the Browns and NFLP for products bearing the trademarks of the Cleveland Browns, including the DAWG POUND mark and except as so admitted are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Complaint.

13.    The Browns and NFLP admit that on or after March 31, 2000 counsel for the Browns and NFLP received a letter from counsel for HPAG claiming rights in the Browns'

DAWG POUND mark and except as so admitted deny the remaining allegations of Paragraph 14 of the Complaint.

14.    The Browns and NFLP admit the allegations of Paragraph 14 of the Complaint and aver that the Browns and NFLP also sought a declaration that their use of the DAWG POUND mark was non-dilutive.

15.    The Browns and NFLP admit the allegations in Paragraph 15 of the Complaint.

16.    The Browns and NFLP deny the allegations of Paragraph 16 of the Complaint.

**COUNT I**
**TRADEMARK INFRINGEMENT—FEDERAL LAW**

17.    The Browns and NFLP reassert and incorporate by reference the responses to the allegations in Paragraphs 1 through 16 of the Complaint.

18.    The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19.    The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20.    The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

21.    The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22.     The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23.     The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24.     The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.

25.     The Browns and NFLP admit that the Browns filed Application Serial No. 75/668612 for the mark DAWG POUND on or about March 26, 1999; admit that the Browns filed Applications Serial Nos. 75/687371, 75/687370, 75/687369 and 75/687368 for the mark



on or about April 20, 1999; admit that the Browns filed Application Serial No. 75/786051 for the mark PUPPY POUND on or about August 28, 1999; admit that further action on these applications has been suspended; and except as so admitted deny the remaining allegations of Paragraph 25 of the Complaint.

26.     The Browns and NFLP admit that they licensed the use of the mark DAWG POUND and except as so admitted deny the remaining allegations in Paragraph 26 of the Complaint.

27.     The Browns and NFLP deny the allegations in Paragraph 27 of the Complaint and aver that the Browns own the mark PUPPY POUND and therefore may license the use of this mark.

28.     The Browns and NFLP deny the allegations in Paragraph 28 of the Complaint.

29.     The Browns and NFLP deny the allegations in Paragraph 29 of the Complaint.

30.     The Browns and NFLP deny the allegations of Paragraph 30 of the Complaint and aver that Exhibit C to the Complaint appears to be a letter from counsel for HPAG to counsel for the Browns and NFLP and that such document speaks for itself.

31.     The Browns and NFLP deny the allegations in Paragraph 31 of the Complaint.

32.     The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegation that "HPAG's products bearing the Marks are sold by HPAG in interstate commerce," and except as so stated deny the remaining allegations in Paragraph 32 of the Complaint.

## COUNT II
## UNFAIR COMPETITION—FEDERAL LAW

33.     The Browns and NFLP reassert and incorporate by reference the responses to the allegations in Paragraphs 1 through 32 of the Complaint.

34.    The Browns and NFLP deny the allegations in Paragraph 34 of the Complaint.

35.    The Browns and NFLP deny the allegations in Paragraph 35 of the Complaint.

36.    The Browns and NFLP deny the allegations in Paragraph 36 of the Complaint

37.    The Browns and NFLP deny the allegations in Paragraph 37 of the Complaint.

## COUNT III
## UNFAIR COMPETITION—NEW YORK LAW

38.    The Browns and NFLP reassert and incorporate by reference the responses to the allegations in Paragraphs 1 through 37 of the Complaint.

39.    The Browns and NFLP deny the allegations in Paragraph 39 of the Complaint.

40.    The Browns and NFLP deny the allegations in Paragraph 40 of the Complaint.

41.    The Browns and NFLP deny the allegations in Paragraph 41 of the Complaint.

## COUNT IV
## DECLARATION OF NONINFRINGEMENT

42.    The Browns and NFLP reassert and incorporate by reference the responses to the allegations in Paragraphs 1 through 41 of the Complaint.

43.    The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint.

44.    The Browns and NFLP aver that the WHEREFORE paragraph and subparagraphs a through j do not contain any allegation that requires a response.  To the extent that HPAG's prayer for relief is deemed by the Court to include allegations, the Browns and NFLP deny all of them.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

45.    HPAG's claim is barred, in whole or in part, because HPAG has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

46.    HPAG's claim is barred, in whole or in part, by the equitable principle of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
### (Abandonment)

47.    HPAG's claim is barred, in whole or in part, because it has abandoned any rights in the mark DAWG POUND or LIL DAWG POUND by non-use of the mark with the express or implied intent not to continue use.

## FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence)

48.    HPAG's claim is barred, in whole or in part, by the equitable principle of acquiescence.

## COUNTERCLAIMS

As their Counterclaims against HPAG, the Browns and NFLP allege:

## PRELIMINARY STATEMENT

1.    For a substantial period of time, the Cleveland Browns have used and have been identified with the mark DAWG POUND.  Notwithstanding, HPAG has attempted to extort millions of dollars from the Browns and NFLP by inappropriately claiming rights to this mark and filing federal trademark applications.  In an initial effort to stop HPAG's illegal actions, the Browns and NFLP filed opposition and cancellation proceedings against HPAG's applications and registrations for the marks DAWG POUND and LIL DAWG POUND and other DAWG marks in the United States Patent and Trademark Office.

2.    Five years after the Browns and NFLP filed their first opposition proceeding against HPAG and despite knowledge of the Browns' and NFLP's long preexisting and renowned trademark rights, HPAG went so far as to send letters to the Browns, NFLP, and their licensees requesting, among other things, that they cease and desist from using the mark DAWG POUND.  In view of these letters, the Browns and NFLP were forced to file an action to protect their rights in their famous DAWG POUND mark in the United States District Court for the Northern District of Ohio.  However, the Court dismissed the case for lack of personal jurisdiction over HPAG, a decision that was affirmed.

3.      HPAG now brings its deficient claims to this Court in a continuation of HPAG's improper efforts to wrest the DAWG POUND mark from its rightful owners. The Browns and NFLP welcome the opportunity to resolve this matter once and for all, and respectfully request by these Counterclaims that this Court declare that the Browns and NFLP have superior trademark rights over HPAG, and prevent HPAG from interfering with the Browns' and NFLP's use of their long-held, famous DAWG POUND brand.

## THE PARTIES

4.      Defendant/Counterclaim Plaintiff Cleveland Browns Football Company LLC is a limited liability company duly organized and existing under the laws of Delaware with its principal place of business at 76 Lou Groza Boulevard, Berea, Ohio 44017.

5.      NFL Properties LLC, successor-in-interest to Defendant/Counterclaim Plaintiff National Football League Properties, Inc., is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 280 Park Avenue, New York, New York 10017.

6.      Plaintiff/Counterclaim Defendant Hawaii-Pacific Apparel Group, Inc. is a corporation organized and existing under the laws of Hawaii with its principal place of business at 3037 Vail Avenue, Los Angeles, California 90040.

## JURISDICTION AND VENUE

7.      The Browns and NFLP bring these Counterclaims for federal false designations of origin and misleading descriptions and representations in violation of Section 43(a) of the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1125(a); federal trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

deceptive acts and practices in violation of Section 349(h) of the New York General Business Law; injury to business reputation and trademark dilution in violation of Section 360-*l* of the New York General Business Law; and trademark infringement and unfair competition in violation of the common laws of the State of New York and of the several states of the United States. The Browns and NFLP also seek a declaration of non-infringement and non-dilution, the subject matter of which is addressed in the statutes cited in the previous sentence, as well as pursuant to 15 U.S.C. § 1114(1).

8.     This Court has subject matter jurisdiction over these compulsory Counterclaims because they derive their jurisdictional support from HPAG's claims.

9.     This Court has personal jurisdiction over HPAG for purposes of adjudicating these compulsory Counterclaims because HPAG chose this forum in which to seek affirmative relief.

10.     This venue is proper for purposes of adjudicating these compulsory Counterclaims because HPAG chose this forum in which to seek affirmative relief.

## THE MEMBER CLUBS AND THE NFL MARKS

11.     The National Football League (the "NFL") is an unincorporated association of thirty-two member clubs (the "Member Clubs"). Each of the NFL's Member Clubs, including the Cleveland Browns, owns and operates a professional football club engaged in providing entertainment services by playing competitive professional football games in various locations throughout the United States.

12.     The Member Clubs, including the Cleveland Browns, derive substantial revenue from game admission fees and from national television and radio broadcast rights to games. Millions of persons attend the games each year, and millions more follow the respective clubs and games in the electronic and print media and access and download information related to the games via the Internet. The Member Clubs, including the Cleveland Browns, have invested substantial sums of money in establishing a nationwide reputation for the high caliber and excellence of their respective football clubs. NFL football is, and for many years has been, the most popular spectator sport in the United States.

13.     To identify and distinguish their respective football clubs and the entertainment services that they provide within the NFL, the Member Clubs, including the Cleveland Browns, have adopted and used in interstate commerce various names, terms, symbols, emblems, slogans, designs, colors and other identifying marks (collectively, the "NFL Trademarks"). The NFL Trademarks are well established at common law, and many have been registered pursuant to the provisions of the Lanham Act and/or trademark acts of various states.

## THE CLEVELAND BROWNS

14.     Defendant/Counterclaim Plaintiff Cleveland Browns, and its predecessors-in-interest, have owned and operated a football club in Cleveland, Ohio for over fifty years. During this time, the Cleveland Browns club has become nationally famous. Cleveland Browns fans can be found throughout the entire United States and even, particularly in the age of the Internet, around the world. In fact, the official worldwide fan club of the Cleveland Browns, Browns Backers Worldwide, is the largest organized fan club in professional sports with hundreds of local clubs and more than 40,000 members.

15.     The Cleveland Browns' Dawg Pound is part of the rich history of the club. During the fall of 1984, the Cleveland Browns and the public began to refer to the club's defense as the "Dawgs." Soon thereafter, NFLP entered into license agreements with manufacturers and distributors of merchandise to use variations of the DAWG mark in connection with authorized goods. Cleveland Browns fans started arriving at Municipal Stadium in dog masks and with other dog-related paraphernalia. Because the fans in the "bleachers" at the open end of the Stadium were most partial to wearing this dog-related apparel, millions of viewers, listeners, readers and, most recently, Internet subscribers everywhere naturally have referred to this section of the Stadium as the "Dawg Pound."

16.     As a result of the widespread use of the mark DAWG POUND, the great popularity of NFL football and the extensive media coverage of the NFL and the Cleveland Browns, the DAWG POUND mark embodies substantial goodwill and has achieved fame and secondary meaning as an identifier of the Cleveland Browns as the source or sponsor of the merchandise upon which the DAWG POUND mark appears. Thus, the DAWG POUND mark is an extremely valuable commercial asset of the Browns.

17.     In March and April of 1999, the Browns attempted to register its valuable DAWG POUND mark. See Federal Application Serial Numbers 75/668612, 75/687368, 75/687369, 75/687370, and 75/687371 attached hereto as Exhibit A. Due to the existence of HPAG's application for the mark DAWG POUND and registration for the mark LIL DAWG POUND — both of which the Browns and NFLP have challenged via opposition and cancellation proceedings — and despite the Browns' and NFLP's well-established long prior use of the DAWG POUND mark, the Browns' applications remain suspended pending resolution of the opposition and cancellation proceedings and now, this action. As a result, HPAG has

deprived the Browns of the valuable substantive and procedural rights and substantial

government benefits inherent in a federal trademark registration.

## THE BUSINESS OF NFLP

18.     Because the NFL and the Member Clubs have authorized NFLP to license

the marks of the Cleveland Browns and the other Member Clubs, NFLP has entered into license

agreements with manufacturers and distributors of merchandise by which such companies are

licensed to use the DAWG POUND mark in connection with authorized goods ("Licensees").

NFLP has entered into license agreements for use of the DAWG POUND mark with

manufacturers and distributors of a wide variety of goods, including T-shirts, sweatshirts,

football jerseys, caps, and other articles of clothing, and other products, such as mugs and

pennants.  On behalf of the Cleveland Browns, NFLP controls and monitors the quality and style

of the officially-licensed DAWG POUND products.  DAWG POUND merchandise is advertised

through a wide variety of media, including over the Internet and in various printed, direct-mail

catalogues.

19.     Licensees have devoted substantial amounts of time and effort to the

production, marketing and promotion of merchandise bearing the DAWG POUND mark and

have established a significant consumer demand for these items through such efforts.  Consumers

readily identify DAWG POUND merchandise as being sponsored and approved by the Browns.

20.     Licensees manufacture and distribute merchandise bearing the DAWG

POUND mark throughout the United States in interstate commerce, where the products are sold

in a wide variety of retail outlets.

21.    NFLP derives income in the form of royalty payments from Licensees from the sale of DAWG POUND merchandise.

### UNLAWFUL CONDUCT BY HAWAII-PACIFIC APPAREL GROUP

22.    Upon information and belief, HPAG has long been aware of the vast and valuable goodwill and reputation represented and symbolized by the DAWG POUND mark. HPAG also has long been aware, upon information and belief, that the DAWG POUND mark is used by the Browns and NFLP and is recognized and relied upon by the public throughout the United States as identifying various high-quality goods and services of the Browns and NFLP and their Licensees and distinguishing them from like goods and services of others. Upon information and belief, notwithstanding this awareness, and in fact by reason thereof, HPAG is attempting to capitalize upon consumers' favorable and widespread recognition of the DAWG POUND mark.

23.    Without the Browns' and NFLP's consent, HPAG commenced selling throughout the United States merchandise, including T-shirts, bearing DAWG designations. Despite having no apparent connection to the sport of football, some of HPAG's merchandise bears football indicia, including footballs and helmets. Copies of various designs of HPAG's merchandise bearing the aforesaid infringing elements are attached as Exhibit B.

24.    Upon information and belief, HPAG's merchandise was calculated to be sold and is likely to continue being sold in the same retail outlets, and in the same sections of such retail outlets, as Browns merchandise. In some retail outlets, the aforesaid merchandise is being sold in close proximity to Browns merchandise.

25.    The Browns and NFLP have no adequate remedy at law for HPAG's unlawful conduct.

## TRADEMARK TRIAL AND APPEAL BOARD PROCEEDINGS

26.    Over nine years ago, on March 29, 1995, the Browns and NFLP filed a Notice of Opposition to HPAG's application serial number 74/498198 for the mark DAWG POUND in International Class 25 for clothing, namely, footwear, headwear, shirts, pants, shorts, jackets and swimwear.  On April 25, 1995, the Browns and NFLP filed an Amended Notice of Opposition to HPAG's application serial number 74/498198.  Opposition number 97,444 is pending before the Trademark Trial and Appeal Board ("TTAB"), but is currently suspended in light of this proceeding.

27.    On June 11, 1999, the Browns and NFLP filed a Petition to Cancel HPAG's registration number 1,963,463 for the mark LIL DAWG POUND in International Class 25 for clothing, namely shirts, pants, shorts, jackets and swimwear; headwear, namely caps, hats, baseball caps and Sherpa hats; and footwear, namely shoes, tennis shoes and work shoes. Cancellation number 29,083 is pending before the TTAB, but is currently suspended in light of this proceeding.

28.    On August 24, 1999, the TTAB granted the parties' motion on consent to consolidate the aforementioned opposition and cancellation proceedings, among others.

29.    During this four-year history and thereafter, the parties sporadically have attempted to negotiate a settlement of this dispute.

## OHIO PROCEEDING

30.    Despite being well aware (and having been on notice since at least as early as March 29, 1995) that the Browns and NFLP have used the DAWG POUND mark for many years and long before HPAG's alleged date of first use of DAWG POUND and LIL DAWG POUND, on March 31, 2000, HPAG's attorney sent a letter to the Browns' and NFLP's attorney requesting, among other things, that the Browns and NFLP and/or its licensees and related entities cease and desist from using the mark DAWG POUND.  A copy of this letter is attached hereto as Exhibit C.  In the March 31, 2000 letter, HPAG's attorney stated that there is a "likelihood of confusion" between the Browns' and NFLP's "use of the term DAWG POUND" and HPAG's "family of marks."  HPAG's attorney also stated that the Browns' and NFLP's "use of the term DAWG POUND" dilutes HPAG's "family of marks."  On April 25, 2000, HPAG's attorney sent virtually identical cease and desist letters to the Browns' and NFLP's licensees. Copies of these letters are attached hereto as Exhibit D.

31.    In view of these letters, the Browns and NFLP were forced to file an action to protect their rights in their famous DAWG POUND mark.  Thus, on May 8, 2000, the Browns and NFLP brought an action in the United States District Court for the Northern District of Ohio seeking a declaration that their use of the DAWG POUND trademark does not infringe on or dilute any trademark rights HPAG may have, and for unfair competition, dilution and related claims under federal and Ohio statutory and common law.  However, the Court dismissed the case for lack of personal jurisdiction over HPAG, a decision that the United States Court of Appeals for the Sixth Circuit affirmed.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT AND NON-DILUTION

32.    The Browns and NFLP hereby reallege and incorporate by reference the allegations of paragraphs 1 through 31 of these Counterclaims.

33.    The Browns' and NFLP's use of the DAWG POUND mark does not, and will not, (a) cause confusion or mistake or deceive the public in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (b) constitute unfair competition or a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (c) constitute unfair competition or trademark infringement under state statutory or common law; (d) constitute dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (e) constitute dilution in violation of state statutory or common law; or (f) otherwise violate state or federal statutory or common law.

## COUNT II
## FEDERAL UNFAIR COMPETITION

34.    The Browns and NFLP hereby reallege and incorporate by reference the allegations of paragraphs 1 through 33 of these Counterclaims.

35.    The aforesaid acts of HPAG constitute the use of words, terms and symbols and combinations thereof; false designations of origin; false and misleading descriptions of fact; and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of HPAG with the Browns and NFLP, or as to the origin, sponsorship or approval of HPAG's goods, services or other commercial activities by the Browns and NFLP.

36.     The aforesaid acts of HPAG constitute false designation of origin and false descriptions in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.     The aforesaid acts of HPAG have caused and are causing great and irreparable harm and damage to the Browns and NFLP, and unless permanently restrained by this Court, said irreparable injury will continue.

**COUNT III**
**FEDERAL DILUTION**

38.     The Browns and NFLP hereby reallege and incorporate by reference the allegations of paragraphs 1 through 37 of these Counterclaims.

39.     The aforesaid acts of HPAG began after the mark DAWG POUND had become famous.

40.     The aforesaid acts of HPAG were willfully intended to trade on the the Browns' and NFLP's reputation and to cause dilution of the famous DAWG POUND mark.

41.     The aforesaid acts of HPAG dilute the distinctive quality of the famous DAWG POUND mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

42.     The aforesaid acts of HPAG have caused and are causing great and irreparable harm and damage to the Browns and NFLP, and unless permanently restrained by this Court, said irreparable injury will continue.

**COUNT IV - DECEPTIVE ACTS AND PRACTICES**
**UNDER NEW YORK LAW**

43.     The Browns and NFLP hereby reallege and incorporate by reference the allegations of Paragraphs 1 through 42 of these Counterclaims.

44.    The aforesaid acts of HPAG constitute deceptive acts or practices in the conduct of any business, trade or commerce in violation of Section 349(h) of the New York General Business Law.

45.    The aforesaid acts of HPAG have caused, and are causing, great and irreparable harm and damage to the Browns and NFLP, and unless permanently restrained by this Court, said irreparable injury will continue.

### COUNT V - INJURY TO BUSINESS REPUTATION AND DILUTION UNDER NEW YORK LAW

46.    The Browns and NFLP hereby reallege and incorporate by reference the allegations of Paragraphs 1 through 45 of these Counterclaims.

47.    The aforesaid acts of HPAG began after the mark DAWG POUND had become famous.

48.    The aforesaid acts of HPAG are likely to injure the business reputation of the Browns and NFLP and to dilute the distinctive quality of the Browns' and NFLP's trademarks in violation of Section 360-*l* of the New York General Business Law.

49.    The aforesaid acts of HPAG have caused, and are causing, great and irreparable harm and damage to the Browns and NFLP, and unless permanently restrained by this Court, said irreparable injury will continue.

### COUNT VI - COMMON LAW TRADEMARK INFRINGEMENT

50.    The Browns and NFLP hereby reallege and incorporate by reference the allegations of Paragraphs 1 through 49 of these Counterclaims.

51.    The aforesaid acts of HPAG are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of HPAG with the Browns and NFLP, or as to the origin, sponsorship or approval of HPAG's goods, services or other commercial activities by the Browns and NFLP.

52.    The aforesaid acts of HPAG constitute trademark infringement in violation of common law.

53.    The aforesaid acts of HPAG have caused, and are causing, great and irreparable harm and damage to Plaintiffs, and unless permanently restrained by this Court, said irreparable injury will continue.

## COUNT VII - COMMON LAW UNFAIR COMPETITION

54.    The Browns and NFLP hereby reallege and incorporate by reference the allegations of Paragraphs 1 through 53 of these Counterclaims.

55.    The aforesaid acts of HPAG are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of HPAG with the Browns and NFLP, or as to the origin, sponsorship or approval of HPAG's goods, services or other commercial activities by the Browns and NFLP.

56.    The aforesaid acts of HPAG constitute unfair competition in violation of common law.

57.    The aforesaid acts of HPAG have caused, and are causing, great and irreparable harm and damage to the Browns and NFLP, and unless permanently restrained by this Court, said irreparable injury will continue.

### RELIEF REQUESTED

WHEREFORE, the Browns and NFLP pray for a judgment in their favor and against HPAG ordering and declaring:

a.     That the Browns' and NFLP's use of the DAWG POUND mark does not, and will not, (a) cause confusion or mistake or deceive the public in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (b) constitute unfair competition or a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (c) constitute unfair competition or trademark infringement under state statutory or common law; (d) constitute dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (e) constitute dilution in violation of state statutory or common law; and (f) otherwise violate state or federal statutory or common law.

b.     That HPAG, and each of its officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be permanently enjoined and restrained from:

(1)     Using on or in connection with the production, manufacture, advertisement, promotion, displaying for sale, offering for sale, sale, or distribution of any articles of merchandise, or for any purposes whatsoever, the DAWG POUND mark or any colorable imitations thereof or anything confusingly similar thereto, including LIL DAWG POUND;

(2)     Using on or in connection with the production, manufacture, advertisement, promotion, displaying for sale, offering for sale, sale, or distribution of any articles of merchandise, or for any purposes whatsoever, the designation DAWG, including

without limitation, DAWG POUND, LIL DAWG POUND, TOP DAWG and DA DAWG, in a context indicative of the Cleveland Browns or the American sport of football, including the geographic indicators Cleveland and Ohio, the colors orange and brown, or other similar indicia;

(3)    Representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, mistake or to deceive consumers into believing that the HPAG's goods originated with or are the goods of the Browns, NFLP, the NFL or its Member Clubs, or that there is any affiliation or connection between the Browns and NFLP and HPAG or their products and from otherwise unfairly competing with the Browns and NFLP or the NFL or other Member Clubs, including using on or in connection with the production, manufacture, advertisement, promotion, displaying for sale, offering for sale, sale, or distribution of any articles of merchandise, or for any purposes whatsoever, the NFL Trademarks; and

(4)    Using any mark in a manner so as to dilute the distinctive quality of the famous NFL Trademarks, including the DAWG POUND mark.

c.    That HPAG be required pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, to file with this Court and to serve upon the Browns and NFLP within thirty (30) days after service upon HPAG of this Court's injunction issued in this action, a written report by HPAG under oath setting forth in detail the manner in which HPAG has complied with this injunction.

d.    That HPAG and those controlled by HPAG be required pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118, to deliver up and destroy all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of HPAG that are,

or that embody, any reproduction, copy, counterfeit or colorable imitation of the Cleveland Browns marks and all plates, molds or other means of making the same.

> e.    That HPAG be required to take affirmative steps to dispel any false suggestion of a connection to the Browns and NFLP by virtue of its infringing activities, including without limitation, all necessary and appropriate corrective advertising measures.

> f.    That the United States Patent and Trademark Office, Trademark Trial and Appeal Board refuse HPAG's application serial number 74/498198 and grant judgment in favor of the Browns and NFLP in opposition number 97,444, and cancel HPAG's registration number 1,963,463 and grant judgment in favor of the Browns and NFLP in cancellation number 29,083.

> g.    That the Browns and NFLP recover their damages sustained as a result of HPAG's federal, state and/or common law trademark infringement, unfair competition, dilution, injury to business reputation and deceptive acts and practices, together with an accounting of HPAG's profits arising from such activities, and that the Court exercise its discretion and enter a judgment for such additional sums as the Court shall find to be just, according to the egregious nature of the acts of HPAG.

> h.    That the Browns and NFLP have and recover treble damages under Section 35 of the Lanham Act, 15 U.S.C. § 1117, and New York General Business Law § 349(h).

> i.    That the Browns and NFLP have and recover their reasonable attorneys' fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, and New York General Business Law § 349(h).

       j.     That the Browns and NFLP have and recover their taxable costs and disbursements herein.

       k.     That the Browns and NFLP have such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
          December 3, 2004

Robert L. Raskopf (RR-5022)
Jennifer J. Millones (JJ-3470)
Jessica A. Rose (JR-4300)

**WHITE & CASE**LLP
1155 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113

ATTORNEYS FOR
DEFENDANTS/COUNTERCLAIM
PLAINTIFFS