# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| **HAWAII-PACIFIC APPAREL GROUP, INC.** ) | Case No. 04 CV 7863 (DC) |
| **3037 Vail Avenue** ) | |
| **Los Angeles, California  90040,** ) | Judge: |
| ) | The Honorable Denny |
| ) | Chin |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| vs. ) | |
| ) | **PLAINTIFF'S REPLY** |
| **CLEVELAND BROWNS FOOTBALL** ) | **TO COUNTERCLAIMS** |
| **COMPANY, LLC** ) | |
| **76 Lou Groza Boulevard** ) | (Filed Electronically) |
| **Berea, Ohio  44017** ) | |
| ) | |
| and ) | |
| ) | |
| **NATIONAL FOOTBALL LEAGUE** ) | |
| **PROPERTIES, INC.** ) | |
| **280 Park Avenue** ) | |
| **New York, New York  10017,** ) | |
| ) | |
| Defendants/Counterclaim Plaintiffs. ) | |

_____

NOW COMES the Plaintiff, HAWAII-PACIFIC APPAREL GROUP, INC. ("HPAG"), through counsel, and as Counterclaim Defendant answering the counterclaims of the Defendants/Counterclaim Plaintiffs, CLEVELAND BROWNS FOOTBALL COMPANY, LLC ("the Browns"), and NATIONAL FOOTBALL LEAGUE PROPERTIES, LLC, as successors-in-interest to NATIONAL FOOTBALL LEAGUE PROPERTIES, INC. ("NFLP"), would respectfully show as follows:

1. The allegations of ¶ 1 of the Counterclaim are denied, except that the filing of opposition and cancellation proceedings are a matter of public record.

2. HPAG admits that it sent letters to the Browns, the NFLP and known licensees requesting that they cease and desist from using HPAG's mark, DAWG POUND. The remaining allegations of ¶ 2 of the Counterclaim are denied, except insofar as it is alleged that the action filed in the Northern District of Ohio was dismissed and later affirmed by the United States Court of Appeals for the Sixth Circuit, which allegation is admitted.

3. The averments of ¶ 3 of the Counterclaim allege no facts but merely argument, but to the extent facts are alleged, the allegations are denied.

4. The allegations of ¶ 4 of the Counterclaim are admitted.

5. HPAG has no direct knowledge of the allegations contained in ¶ 5 and therefore denies the same.

6. The allegations of ¶ 6 of the Counterclaim are admitted.

7. HPAG admits that the Browns and NFLP purport to bring their claims pursuant to 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c), 15 U.S.C. § 1114(1), N.Y. Gen. Bus. Law § 349(h), and the common law. The allegations of ¶ 7 of the Counterclaim require no further response, but to the extent a response is required, the allegations are denied.

8. HPAG admits that the Browns and NFLP purport to assert subject-matter jurisdiction by virtue of the relationship of the allegations of the Counterclaim to the allegations of the main demand.

9. HPAG admits that the Browns and NFLP purport to assert personal jurisdiction because HPAG filed suit in this forum.

10. HPAG admits that the Browns and NFLP purport to assert that venue is proper for the purposes of adjudicating their counterclaims.

11. HPAG has no direct knowledge of the organization of the Member Clubs or of the NFL and therefore denies the same. The allegations of ¶ 11 of the Counterclaim are otherwise admitted.

12. HPAG has no direct knowledge of the manner in which the Member Clubs derive their revenue and therefore denies the same. The popularity of NFL football is a matter of common knowledge and therefore is admitted. The allegations of ¶ 12 of the Counterclaim are otherwise denied.

13. To the extent it is alleged that the Member Clubs own trademarks that have been registered, those registrations presumably are a matter of public record. The allegations of ¶ 13 of the Counterclaim are otherwise denied.

14. It is admitted that there is a professional football club doing business in Cleveland which is known as the Browns. HPAG has no direct knowledge of the extent to which the Browns have fan support and therefore denies the same. The allegations of ¶ 14 of the Counterclaim are otherwise denied.

15. To the extent it is alleged that the term "Dawg Pound" was associated with fans attending Browns games in Cleveland, but not as a trademark, the allegation is admitted. The allegations of ¶ 15 of the Counterclaim are otherwise denied.

16. The allegations of ¶ 16 of the Counterclaim are denied.

17. The documents attached to the complaint and marked composite Exhibit A speak for themselves. The allegations of ¶ 17 of the Counterclaim are otherwise denied.

18. HPAG has no direct knowledge of the existence and scope of the license agreements referred to. On that basis, the allegations of ¶ 18 of the Counterclaim are denied.

19. The allegations of ¶ 19 of the Counterclaim are denied.

20. The allegations of ¶ 20 of the Counterclaim are admitted. HPAG further answers that the advertising, distribution, and sale of the "DAWG POUND merchandise," without the authorization of HPAG, is unlawful.

21. The allegations of ¶ 21 of the Counterclaim are admitted. HPAG further answers that the income and revenues derived by NFLP from the advertising, distribution, and sale of the "DAWG POUND merchandise," without the authorization of HPAG, is unlawful and that the income and revenues aforesaid received by NFLP are held by NFLP as a constructive trustee for the benefit of HPAG.

22. The allegations of ¶ 22 of the Counterclaim are denied.

23. The documents attached to the complaint and marked composite Exhibit B speak for themselves. The allegations of ¶ 23 of the Counterclaim are otherwise denied.

24. The allegations of ¶ 24 of the Counterclaim are denied.

25. The allegations of ¶ 25 of the Counterclaim are denied.

26. Proceedings before the USPTO and the TTAB are matters of public record and are therefore admitted. HPAG is without independent knowledge of when the Browns and NFLP filed for relief and therefore denies the same.

27. Proceedings before the USPTO and the TTAB are matters of public record and are therefore admitted. HPAG is without independent knowledge of when the Browns and NFLP filed for relief and therefore denies the same.

28. The allegations of ¶ 28 of the Counterclaim are admitted.

29. The allegations of ¶ 29 of the Counterclaim are admitted.

30. The documents attached to the complaint and marked Exhibits C and D speak for themselves.  The allegations of ¶ 30 of the Counterclaim are otherwise denied.

31. The allegations of ¶ 31 of the Counterclaim are denied, except insofar as it is alleged that the action filed in the Northern District of Ohio was dismissed and later affirmed by the United States Court of Appeals for the Sixth Circuit, which allegation is admitted.

### REPLY TO COUNT I
### DECLARATION OF NON-INFRINGEMENT AND NON-DILUTION

32.  HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 31 of the Counterclaim.  No response to the allegations of ¶ 32 of the Counterclaim is required, but to the extent the allegations call for a response, the allegations are denied.

33. The allegations of ¶ 33 of the Counterclaim are denied.

### REPLY TO COUNT II
### FEDERAL UNFAIR COMPETITION

34. HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 33 of the Counterclaim. No response to the allegations of ¶ 34 of the Counterclaim is required, but to the extent the allegations call for a response, the allegations are denied.

35. The allegations of ¶ 35 of the Counterclaim are denied.

36. The allegations of ¶ 36 of the Counterclaim are denied.

37. The allegations of ¶ 37 of the Counterclaim are denied.

## REPLY TO COUNT III
## FEDERAL DILUTION

38. HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 37 of the Counterclaim. No response to the allegations of ¶ 38 of the Counterclaim is required, but to the extent the allegations call for a response, the allegations are denied.

39. The allegations of ¶ 39 of the Counterclaim are denied.

40. The allegations of ¶ 40 of the Counterclaim are denied.

41. The allegations of ¶ 41 of the Counterclaim are denied.

42. The allegations of ¶ 42 of the Counterclaim are denied.

## COUNT IV
## DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK LAW

43. HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 42 of the Counterclaim. No response to the allegations of ¶ 43 of the Counterclaim is required, but to the extent the allegations call for a response, the allegations are denied.

44. The allegations of ¶ 44 of the Counterclaim are denied.

45. The allegations of ¶ 45 of the Counterclaim are denied.

## COUNT V
## INJURY TO BUSINESS REPUTATION AND
## DILUTION UNDER NEW YORK LAW

46. HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 45 of the Counterclaim. No response to the allegations of ¶ 46 of the Counterclaim is required, but to the extent the allegations call for a response, the allegations are denied.

47. The allegations of ¶ 47 of the Counterclaim are denied.

48. The allegations of ¶ 48 of the Counterclaim are denied.

49. The allegations of ¶ 49 of the Counterclaim are denied.

## COUNT VI
## COMMON LAW TRADEMARK INFRINGEMENT

50. HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 49 of the Counterclaim. No response to the allegations of ¶ 50 of the Counterclaim is required, but to the extent the allegations call for a response, the allegations are denied.

51. The allegations of ¶ 51 of the Counterclaim are denied.

52. The allegations of ¶ 52 of the Counterclaim are denied.

53. The allegations of ¶ 53 of the Counterclaim are denied.

## COUNT VII
## COMMON LAW UNFAIR COMPETITION

54. HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 53 of the Counterclaim. No response to the allegations of ¶ 54 of the Counterclaim is required, but to the extent the allegations call for a response, the allegations are denied.

55. The allegations of ¶ 55 of the Counterclaim are denied.

56. The allegations of ¶ 56 of the Counterclaim are denied.

57. The allegations of ¶ 57 of the Counterclaim are denied.

58. No response to the prayer for relief of the Counterclaim is required, but to the extent the allegations call for a response, the allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

59. The Browns and NFLP's claims are barred, in whole or in part, because the Browns and the NFLP have failed to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

60. This Court lacks personal jurisdiction over HPAG.

## THIRD AFFIRMATIVE DEFENSE

61. The Counterclaims are devoid of merit due to the presumption, pursuant to the Trademark Act of 1946 and all other trademark laws, of the validity of the trademark registrations obtained by HPAG. HPAG is the owner of a family of marks including LIL DAWG POUND, Registration No. 1,963,463; TOP DAWG, Registration No. 1,886,130; DAWG POUND, Application Serial No. 74/498198; DA DAWG, Application Serial No. 75/023191; and TOP DAWG, Application Serial No. 75/113517.

## FOURTH AFFIRMATIVE DEFENSE

62. The Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

63. The Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

64. The Counterclaims are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

65. The Counterclaims are barred, in whole or in part, by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

66. Defendants/Counterclaim Plaintiffs lack standing to seek redress for the injuries alleged in the Counterclaims

.

## NINTH AFFIRMATIVE DEFENSE

67. The Counterclaims are barred, in whole or in part, because the Browns and/or the NFLP and/or their licensees, have abandoned any rights in the mark DAWG POUND and/or PUPPY POUND by non-use of the mark with the express or implied intent not to continue use.

## TENTH AFFIRMATIVE DEFENSE

62.     The Counterclaims are barred, in whole or in part, by the equitable principle of acquiescence.

WHEREFORE, HPAG prays for relief as follows:

a.      That judgment be granted in favor of Plaintiff/Counterclaim Defendant and against Defendants/Counterclaim Plaintiffs;

b.      That Defendants/Counterclaim Plaintiffs take nothing by way of their Counterclaims and that the Counterclaims be dismissed with prejudice and at the expense of Defendants/Counterclaim Plaintiffs; and

c.      That Plaintiff/Counterclaim Defendant have and recover from Defendants/Counterclaim Plaintiffs the costs of responding to the Counterclaim, together with its reasonable attorney's fees; and

d.      That Plaintiff/Counterclaim Defendant be granted such other and further relief as prayed for in its original complaint; and

e.      That Plaintiff/Counterclaim be granted such other and further relief as may be just and proper.

Dated: January 24, 2005

Respectfully submitted,

Hawaii-Pacific Apparel Group, Inc.

      s/
By: _____
Christine Karol Roberts CR 0669
LAW OFFICES OF
CHRISTINE KAROL ROBERTS
1109 West Twenty-First Street
Floral Park, CA  92706
Telephone:  (714) 479-0024
Facsimile:  (714) 479-0025

Attorney for Plaintiff/Counterclaim Defendant