UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HAWAII-PACIFIC APPAREL GROUP, INC.,

    Plaintiff/Counterclaim Defendant,

-against-

CLEVELAND BROWNS FOOTBALL COMPANY LLC and NATIONAL FOOTBALL LEAGUE PROPERTIES, INC.,

    Defendants/Counterclaim Plaintiffs.

Case No.: 04 CV 7863 (DC)

Judge: The Honorable Denny Chin

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

**Electronically Filed**

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff/Counterclaim Defendant Hawaii-Pacific Apparel Group, Inc. ("HPAG") and Defendants/Counterclaim Plaintiffs Cleveland Browns Football Company LLC (the "Browns") and NFL Properties LLC, as successor-in-interest to National Football League Properties, Inc. ("NFLP"), hereby submit the following proposed discovery plan in advance of the conference scheduled for January 28, 2005:

## I. STATUS OF THE CASE

On October 4, 2004, Plaintiff filed its Complaint. On December 3, 2004, Defendants/Counterclaim Plaintiffs filed their answer, affirmative defenses and counterclaims. On January 24, 2005, Plaintiff/Counterclaim Defendant filed its reply and affirmative defenses to Defendants/Counterclaim Plaintiffs' counterclaims.

## II. SETTLEMENT DISCUSSIONS

On January 19, 2005, the parties conferred regarding the possible parameters of settlement. Today, counsel for Plaintiff/Counterclaim Defendant made a verbal offer to settle, which offer is presently under consideration by Defendants/Counterclaim Plaintiffs.

NEWYORK 4583521 (2K)

Dockets.Justia.com

### III. ALTERNATE DISPUTE RESOLUTION

   A.   **Plaintiff/Counterclaim Defendant's Position:**

   Plaintiff/Counterclaim Defendant believes that alternative dispute resolution is premature at this stage of the case and declines to engage in mediation or a settlement conference at this time. This position may change after Plaintiff/Counterclaim Defendant has conducted and received discovery from Defendant/Counterclaim Plaintiff on all relevant issues, particularly relating to the sales revenue of the Defendant/Counterclaim Plaintiff and its licensees of the infringing merchandise utilizing the Plaintiff/Counterclaim Defendant's marks, Dawg Pound and Lil Dawg Pound. Upon receipt of such information, Plaintiff/Counterclaim Defendant believes it will be in a position to make a settlement offer which will dispose of this case on a basis satisfactory to all parties concerned.

   B.   **Defendants/Counterclaim Plaintiffs' Position:**

   Defendants/Counterclaim Plaintiffs believe that this case is appropriate for attempted resolution by settlement conference with the Honorable Denny Chin or a United States Magistrate Judge or by mediation. Defendants/Counterclaim Plaintiffs believe that the settlement conference or mediation should be conducted in person with counsel and representatives of the parties with authority to settle present. Defendants/Counterclaim Plaintiffs believe this conference or mediation should be conducted as soon as possible.

### IV. INITIAL DISCLOSURES

   The parties believe that comprehensive initial disclosures are not appropriate in the circumstances of the action. Litigation in this case commenced, in various forms, over nine years ago, on March 29, 1995, when the Browns and NFLP filed a Notice of Opposition to HPAG's federal trademark application for the mark DAWG POUND in the United States Patent and Trademark Office. During the past nine years, the parties have engaged in certain discovery

that precludes the need for initial disclosures. The parties, however, have agreed to provide to the other parties for inspection and copying relevant insurance agreements pursuant to Federal Rule of Civil Procedure 26(a)(1)(D) by March 1, 2005.

## V. DISCOVERY GENERALLY

### A. Plaintiff/Counterclaim Defendant

Defendants/Counterclaim Plaintiffs' counsel has indicated to Plaintiff/Counterclaim Defendant's counsel that they will seek bifurcation of liability and damages. Plaintiff/Counterclaim Defendant opposes bifurcation and believes that discovery should be conducted on all issues for the following reasons. While the court clearly has the authority under Rule 42(b) to bifurcate trial into liability and damages phases, *see Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988) ("[W]hether to bifurcate a trial into liability and damages phases is a matter within the sound discretion of the trial court"), it is not obliged to do so, and in fact the procedure is not favored.

The court "in furtherance of convenience or to avoid prejudice" may in its discretion bifurcate a trial concerning issues of liability and damages. Fed. R. Civ. P. 42(b); *Katsaros v. Cody*, 744 F.2d 270 (2d Cir. 1984). While it may be proper in certain instances to bifurcate a trial, "separation of issues is not the usual course that should be followed." *Keyes Fibre Co. v. Packaging Corp. of America*, 763 F. Supp. 374 (N.D. Ill. 1991), *quoting, Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307 (5th Cir. 1976); *see* Advisory Committee Notes to the Fed. R. Civ. P. 42(b). Bifurcation is appropriate where, for example, deciding the issue of liability first might save the court from having to rule on complex issues of damages. *Sunenblick v. Harrell*, 145 F.R.D. 314, 317 (S.D.N.Y. 1993) (motion to bifurcate denied).

In this case, trial will be to the court, and the issues of liability and damages are closely intertwined. *See 1st Source Bank v. First Resource Federal Credit Union*, 167 F.R.D. 61, 67 (N.D. Ind. 1996) ("1st Source objects to bifurcation of this case, arguing that there is no risk of jury confusion because the case is to be heard by the court, and that it would be inefficient to reconvene the parties months after the liability phase when the parties are prepared to address liability and damages at the April 22 trial"); *Ulloa v. Universal Music and Video Distribution Corp.*, 303 F. Supp. 2d 409, 419 (S.D.N.Y. 2004) ("Defendants also seek to bifurcate the case and 'require plaintiff to establish defendants' liability prior to allowing plaintiff to inquire into profits earned in connection with' the Izzo song . . . This motion is denied and the parties are directed to commence damages discovery immediately").

Here, the issue of damages is bound up with liability. The parties have mirror claims of infringement. It is Plaintiff HPAG's position that neither the Browns nor the NFLP cannot demonstrate any substantial commercial use of the Dawg Pound mark before registration issued in favor of HPAG. On both the issue of liability and damages, the Browns and NFLP must produce proof of their revenues, sales, and license royalties and when those were received. The damages issue is not complex, since revenues from the Dawg Pound marks can be readily isolated.

> In order for bifurcation to be appropriate, the issues must be clearly separable. . . Without doubt, the liability and damages issues are intertwined and not clearly separable. . . .
> [I]t does not seem that the issue of damages is so complicated as to warrant a completely separate trial. Rule 42(b) of the Federal Rules of Civil Procedure promotes expedition and economy. The damages issues in this case do not appear to be extraordinarily complex, therefore, bifurcation will not appreciably shorten the trial. Some discovery appears to overlap both liability and damages issues. Resolving both issues in a single trial will eliminate possible discovery disputes and avoid wasting time and effort in dealing with the discovery process twice. Plaintiff's Motion to Bifurcate Liability From Damages Issues is denied.

*Windsor Industries, Inc. v. Pro-Team, Inc.*, 87 F. Supp. 2d 1129, 1132 (D. Colo. 2000).

The Browns and NFLP simply cannot sustain their burden of demonstrating why discovery and/or trial should be bifurcated in this case. Trial will not be delayed by discovery of damages issues, and the trial will not be lengthened inordinately if both issues are tried together. There is no reason why the extraordinary procedure of bifurcation should be ordered.

Further, the Trademark Trial and Appeal Board ("TTAB") has to date refused registration to Defendants/Counterclaim Plaintiffs of the marks Dawg Pound and Puppy Pound based upon Plaintiff/Counterclaim Defendant's registered marks and pending applications for further marks in connection with its family of Dawg Pound marks. Consequently, the paramount entity has already made its initial determination that Defendants/Counterclaim Plaintiffs' applications for trademark on the mark Dawg Pound should be refused on the basis of Plaintiff/Counterclaim Defendant's registrations and prior and superior use of the marks Dawg Pound and Lil Dawg Pound.

Additionally, Defendants/Counterclaim Plaintiffs have taken the position that the licensing of the mark Dawg Pound to their licensees and subsequent sales by such licensees provides them with an interstate "use" argument so as to permit their registration of these marks. The TTAB has refused this argument to date. Defendants cannot take the position that they derive a benefit from the licensees' sales in connection with the liability aspect of this case without providing the dates of sale, the license agreements and actual revenues in the discovery phase of this case. The sales and revenue discovery is inextricably entwined with both liability and damages.

    **B.**    **Defendants/Counterclaim Plaintiffs**

Defendants/Counterclaim Plaintiffs believe that discovery and the trial should be conducted in phases. Defendants/Counterclaim Plaintiffs believe that the Court should first permit discovery and conduct a trial designed to determine (i) trademark priority, namely, which

party was the first to become associated with the designation DAWG POUND and whether that party maintained that association thereafter, and (ii) whether a likelihood of confusion exists. Whichever party prevails at the liability trial can then obtain discovery to determine its damages and a damages trial can be conducted thereafter.

Trademark infringement cases are well suited for bifurcation, and this one is no exception. *See, e.g., TVT Records v. Island Def Jam Music Group*, 279 F. Supp. 2d 413 (S.D.N.Y. 2003), *W.W.W. Pharm. Co., Inc. v. Gillette Co.*, 808 F. Supp. 1013 (S.D.N.Y. 1992). First, the factual and legal issues relevant to liability are distinct from the issues related to damages and thus, bifurcation is easily accomplished. *See Velez v. Majik Cleaning Serv., Inc.*, No. 03 Civ. 8698(SAS), 2005 WL 106895, at *4 n.43 (S.D.N.Y. Jan. 19, 2005) (citing 5 James Wm. Moore et al., *Moore's Federal Practice* § 23.46[2][a] (3d ed. 2003)) ("Courts often bifurcate trials into liability and damages phases in order to sever common liability questions from individual damages issues."); *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 346 n.111 (S.D.N.Y. 2004) (same). Second, time, money and judicial resources would be wasted if the case were not bifurcated as discussed above. *See LNC Invs., Inc. v. First Fid. Bank*, No. 92 Civ. 7584 CSH, 2000 WL 422399, at *4 (S.D.N.Y. Apr. 12, 2000) (bifurcating retrial and finding that, "[w]hile some proof of damages is necessary to show that Defendants' conduct caused Plaintiffs some harm, bifurcation will nonetheless accomplish significant efficiencies if Plaintiffs lose on liability"). Much damages discovery can be avoided if this case is bifurcated, as only one party will conduct damages discovery because a prevailing party will have been determined in the liability phase. *See Slater Elec. v. Indian Head, Inc.*, 223 U.S.P.Q. 729, 730 (S.D.N.Y. 1983) ("Bifurcation of liability and damages may be implemented by a stay of discovery on the issue of damages."). Adjudication of damages would also be less complicated. *See Colon v. Bic*

*USA, Inc.*, 199 F. Supp. 2d 53, 98 (S.D.N.Y. 2001) (finding separating liability from damages will increase efficiency because separate trial for liability may obviate damages trial, thus conserving judicial resources); *Slater Elec.*, 223 U.S.P.Q. at 731 ("The issue of damages is often more complex than the issues of validity and infringement."). Third, the parties would not risk unnecessary disclosure of sensitive, proprietary information concerning their revenues, costs and profits during the damages phase if only the non-prevailing party need disclose such information. Finally, bifurcation and sequencing of discovery would not prejudice either party. Indeed, bifurcation could inure to both parties' benefit because the prevailing party may recover attorney fees, which would be significantly reduced if discovery were sequenced and the trial bifurcated. Accordingly, bifurcation would benefit the Court and all parties.

Ultimately, the parties agree that the decision to sequence discovery and bifurcate a trial into liability and damages phases is firmly within the discretion of the Court. *Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998) (court can "manage the discovery process to facilitate prompt and efficient resolution of the lawsuit"); *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir. 1984) (citation omitted) (finding bifurcation reasonable because two phases involved different types of evidence). Thus, Defendants/Counterclaim Plaintiffs are willing to discuss this matter with the Court further at the upcoming conference and submit briefing on the issue should the Court deem it necessary.

## VI. DISCOVERY DEADLINES

### A. Plaintiff/Counterclaim Defendant

Plaintiff/Counterclaim Defendant proposes the following discovery and trial scheduled in the absence of a bifurcation order.

*August 5, 2005:* Deadline for the disclosure of the identity of any person who may be used at trial to present evidence under Rules 702, 703, 705 of the Federal Rules of

Evidence. This disclosure is to be accompanied by a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

*September 9, 2005*: Deadline for the disclosure of the identity of any person who may be used at trial to present evidence that is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Federal Rule of Civil Procedure 26(a)(2)(B). This disclosure is to be accompanied by a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

*February 10, 2006*: Deadline for the close of discovery.

*March 21, 2006*: Deadline for dispositive motions.

*April 5, 2006*: Deadline for memoranda of law opposing dispositive motions.

*April 12, 2006*: Deadline for reply memoranda of law in support of dispositive motions.

*March 9, 2006*: Deadline for in limine motions.

*March 23, 2006*: Deadline for memoranda of law opposing in limine motions.

*March 30, 2006*: Deadline for reply memoranda of law in support of in limine motions.

*April 13, 2006*: Deadline for serving and filing the evidence that the party may present at trial other than solely for impeachment pursuant to Federal Rule of Civil Procedure 26(a)(3).

*April 27, 2006*: Deadline for serving and filing a list disclosing any objections to pretrial disclosures.

*June 5, 2006*: Trial to determine liability.

B. **Defendants/Counterclaim Plaintiffs**

*Discovery and a Trial on Liability*

Defendants/Counterclaim Plaintiffs propose the following discovery and trial schedule for the liability phase.

*May 5, 2005:* Deadline for the disclosure of the identity of any person who may be used at trial to present evidence under Rules 702, 703, 705 of the Federal Rules of Evidence. This disclosure is to be accompanied by a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

*June 9, 2005*: Deadline for the disclosure of the identity of any person who may be used at trial to present evidence that is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Federal Rule of Civil Procedure 26(a)(2)(B). This disclosure is to be accompanied by a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

*November 9, 2005:* Deadline for the close of discovery.

*December 21, 2005*: Deadline for dispositive motions.

*January 5, 2006*: Deadline for memoranda of law opposing dispositive motions.

*January 12, 2006*: Deadline for reply memoranda of law in support of dispositive motions.

*March 9, 2006:* Deadline for in limine motions.

*March 23, 2006:* Deadline for memoranda of law opposing in limine motions.

*March 30, 2006*: Deadline for reply memoranda of law in support of in limine motions.

*April 13, 2006:* Deadline for serving and filing the evidence that the party may present at trial other than solely for impeachment pursuant to Federal Rule of Civil Procedure 26(a)(3).

*April 27, 2006:* Deadline for serving and filing a list disclosing any objections to pretrial disclosures.

*May 11, 2006:* Trial to determine liability.

**Discovery and a Trial on Damages**

Defendants/Counterclaim Plaintiffs propose the following discovery and trial schedule, which would be limited to determining the amount of damages, if any, attributable to the infringement. This schedule assumes a full trial on liability. Of course, the parties would seek leave to modify this schedule if either party appeals the determination on liability or if the Court determines liability by dispositive motion.

*September 2, 2006:* Deadline for the disclosure of the identity of any person who may be used at trial to present evidence under Rules 702, 703, 705 of the Federal Rules of Evidence. This disclosure is to be accompanied by a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

*September 30, 2006:* Deadline for the disclosure of the identity of any person who may be used at trial to present evidence that is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Federal Rule of Civil Procedure 26(a)(2)(B). This disclosure is to be accompanied by a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

*March 28, 2007:* Deadline for the close of discovery.

*May 10, 2007:* Deadline for dispositive motions.

*May 24, 2007*: Deadline for memoranda of law opposing dispositive motions.

*May 31, 2007*: Deadline for reply memoranda of law in support of dispositive motions.

*June 28, 2007*: Deadline for in limine motions.

*July 12, 2007*: Deadline for memoranda of law opposing in limine motions.

*July 19, 2007*: Deadline for reply memoranda of law in support of in limine motions.

*August 2, 2007*: Deadline for serving and filing the evidence that the party may present at trial other than solely for impeachment pursuant to Federal Rule of Civil Procedure 26(a)(3).

*August 16, 2007*: Deadline for serving and filing a list disclosing any objections to pretrial disclosures.

*August 30, 2007*: Trial to determine the amount of damages, if any, attributable to the infringement.

## VII.   LIMITATIONS ON DISCOVERY

The parties do not believe it is necessary at this time to deviate from the usual limitations on the number of depositions. However, if discovery reveals information that requires such deviation, the parties will seek leave of the Court to conduct additional depositions. The parties, however, request that the Court increase the number of interrogatories from 25 to 75 in number including all discrete subparts.

## VIII.  COURT ORDERS

The parties believe that certain limitations should be placed on the use of discovery materials in this case. Therefore, the parties ask the Court to approve the protective order attached to this plan.

The parties also ask the Court to enter a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).

Dated: Floral Park, California
January 25, 2005

/s/
Christine Karol Roberts (CR-0669)
Law Offices of Christine Karol Roberts
1109 West Twenty-first Street
Floral Park, California 92706
Telephone: (714) 479-0024
Facsimile: (714) 479-0025

ATTORNEY FOR
PLAINTIFF/COUNTERCLAIM DEFENDANT

Dated: New York, New York
January 25, 2005

Robert L. Raskopf (RR-5022)
Jennifer J. Millones (JM-3470)
Jessica A. Rose (JR-4300)

**WHITE & CASE** LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

ATTORNEYS FOR
DEFENDANTS/COUNTERCLAIM
PLAINTIFFS