UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

HAWAII-PACIFIC APPAREL GROUP, INC.,

        Plaintiff/Counterclaim Defendant,

-against-

CLEVELAND BROWNS FOOTBALL COMPANY LLC and NATIONAL FOOTBALL LEAGUE PROPERTIES, INC.,

        Defendants/Counterclaim Plaintiffs.

Case No.: 04 CV 7863 (DC)

Judge: The Honorable Denny Chin

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

**Electronically Filed**

---

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff/Counterclaim Defendant Hawaii-Pacific Apparel Group, Inc. ("HPAG") and Defendants/Counterclaim Plaintiffs Cleveland Browns Football Company LLC (the "Browns") and NFL Properties LLC, as successor-in-interest to National Football League Properties, Inc. ("NFLP"), hereby submit the following proposed discovery plan in advance of the conference scheduled for January 28, 2005:

## I.  STATUS OF THE CASE

On October 4, 2004, Plaintiff filed its Complaint.  On December 3, 2004, Defendants/Counterclaim Plaintiffs filed their answer, affirmative defenses and counterclaims. On January 24, 2005, Plaintiff/Counterclaim Defendant filed its reply and affirmative defenses to Defendants/Counterclaim Plaintiffs' counterclaims.

## II.  SETTLEMENT DISCUSSIONS

On January 19, 2005, the parties conferred regarding the possible parameters of settlement.  Today, counsel for Plaintiff/Counterclaim Defendant made a verbal offer to settle, which offer is presently under consideration by Defendants/Counterclaim Plaintiffs.

Dockets.Justia.com

## III.  ALTERNATE DISPUTE RESOLUTION

### A.    Plaintiff/Counterclaim Defendant's Position:

Plaintiff/Counterclaim Defendant believes that alternative dispute resolution is premature at this stage of the case and declines to engage in mediation or a settlement conference at this time.  This position may change after Plaintiff/Counterclaim Defendant has conducted and received discovery from Defendant/Counterclaim Plaintiff on all relevant issues, particularly relating to the sales revenue of the Defendant/Counterclaim Plaintiff and its licensees of the infringing merchandise utilizing the Plaintiff/Counterclaim Defendant's marks, Dawg Pound and Lil Dawg Pound.  Upon receipt of such information, Plaintiff/Counterclaim Defendant believes it will be in a position to make a settlement offer which will dispose of this case on a basis satisfactory to all parties concerned.

### B.    Defendants/Counterclaim Plaintiffs' Position:

Defendants/Counterclaim Plaintiffs believe that this case is appropriate for attempted resolution by settlement conference with the Honorable Denny Chin or a United States Magistrate Judge or by mediation.  Defendants/Counterclaim Plaintiffs believe that the settlement conference or mediation should be conducted in person with counsel and representatives of the parties with authority to settle present.  Defendants/Counterclaim Plaintiffs believe this conference or mediation should be conducted as soon as possible.

## IV.  INITIAL DISCLOSURES

The parties believe that comprehensive initial disclosures are not appropriate in the circumstances of the action.  Litigation in this case commenced, in various forms, over nine years ago, on March 29, 1995, when the Browns and NFLP filed a Notice of Opposition to HPAG's federal trademark application for the mark DAWG POUND in the United States Patent and Trademark Office.  During the past nine years, the parties have engaged in certain discovery

that precludes the need for initial disclosures.  The parties, however, have agreed to provide to the other parties for inspection and copying relevant insurance agreements pursuant to Federal Rule of Civil Procedure 26(a)(1)(D) by March 1, 2005.

## V.  DISCOVERY GENERALLY

### A.     Plaintiff/Counterclaim Defendant

Defendants/Counterclaim Plaintiffs' counsel has indicated to Plaintiff/ Counterclaim Defendant's counsel that they will seek bifurcation of liability and damages. Plaintiff/Counterclaim Defendant opposes bifurcation and believes that discovery should be conducted on all issues for the following reasons.  While the court clearly has the authority under Rule 42(b) to bifurcate trial into liability and damages phases, *see Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988) ("[W]hether to bifurcate a trial into liability and damages phases is a matter within the sound discretion of the trial court"), it is not obliged to do so, and in fact the procedure is not favored.

The court "in furtherance of convenience or to avoid prejudice" may in its discretion bifurcate a trial concerning issues of liability and damages.  Fed. R. Civ. P. 42(b); *Katsaros v. Cody*, 744 F.2d 270 (2d Cir. 1984).  While it may be proper in certain instances to bifurcate a trial, "separation of issues is not the usual course that should be followed."  *Keyes Fibre Co. v. Packaging Corp. of America*, 763 F. Supp. 374 (N.D. Ill. 1991), *quoting*, *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307 (5th Cir. 1976); *see* Advisory Committee Notes to the Fed. R. Civ. P. 42(b).  Bifurcation is appropriate where, for example, deciding the issue of liability first might save the court from having to rule on complex issues of damages.  *Sunenblick v. Harrell*, 145 F.R.D. 314, 317 (S.D.N.Y. 1993) (motion to bifurcate denied).

In this case, trial will be to the court, and the issues of liability and damages are closely intertwined. *See 1st Source Bank v. First Resource Federal Credit Union*, 167 F.R.D. 61, 67 (N.D. Ind. 1996) ("1st Source objects to bifurcation of this case, arguing that there is no risk of jury confusion because the case is to be heard by the court, and that it would be inefficient to reconvene the parties months after the liability phase when the parties are prepared to address liability and damages at the April 22 trial"); *Ulloa v. Universal Music and Video Distribution Corp.*, 303 F. Supp. 2d 409, 419 (S.D.N.Y. 2004) ("Defendants also seek to bifurcate the case and 'require plaintiff to establish defendants' liability prior to allowing plaintiff to inquire into profits earned in connection with' the Izzo song . . . This motion is denied and the parties are directed to commence damages discovery immediately").

Here, the issue of damages is bound up with liability. The parties have mirror claims of infringement. It is Plaintiff HPAG's position that neither the Browns nor the NFLP cannot demonstrate any substantial commercial use of the Dawg Pound mark before registration issued in favor of HPAG. On both the issue of liability and damages, the Browns and NFLP must produce proof of their revenues, sales, and license royalties and when those were received. The damages issue is not complex, since revenues from the Dawg Pound marks can be readily isolated.

> In order for bifurcation to be appropriate, the issues must be clearly separable. . .
> Without doubt, the liability and damages issues are intertwined and not clearly separable. . . .
> [I]t does not seem that the issue of damages is so complicated as to warrant a completely separate trial. Rule 42(b) of the Federal Rules of Civil Procedure promotes expedition and economy. The damages issues in this case do not appear to be extraordinarily complex, therefore, bifurcation will not appreciably shorten the trial. Some discovery appears to overlap both liability and damages issues. Resolving both issues in a single trial will eliminate possible discovery disputes and avoid wasting time and effort in dealing with the discovery process twice. Plaintiff's Motion to Bifurcate Liability From Damages Issues is denied.

*Windsor Industries, Inc. v. Pro-Team, Inc.*, 87 F. Supp. 2d 1129, 1132 (D. Colo. 2000).

The Browns and NFLP simply cannot sustain their burden of demonstrating why discovery and/or trial should be bifurcated in this case. Trial will not be delayed by discovery of damages issues, and the trial will not be lengthened inordinately if both issues are tried together. There is no reason why the extraordinary procedure of bifurcation should be ordered.

Further, the Trademark Trial and Appeal Board ("TTAB") has to date refused registration to Defendants/Counterclaim Plaintiffs of the marks Dawg Pound and Puppy Pound based upon Plaintiff/Counterclaim Defendant's registered marks and pending applications for further marks in connection with its family of Dawg Pound marks. Consequently, the paramount entity has already made its initial determination that Defendants/Counterclaim Plaintiffs' applications for trademark on the mark Dawg Pound should be refused on the basis of Plaintiff/Counterclaim Defendant's registrations and prior and superior use of the marks Dawg Pound and Lil Dawg Pound.

Additionally, Defendants/Counterclaim Plaintiffs have taken the position that the licensing of the mark Dawg Pound to their licensees and subsequent sales by such licensees provides them with an interstate "use" argument so as to permit their registration of these marks. The TTAB has refused this argument to date. Defendants cannot take the position that they derive a benefit from the licensees' sales in connection with the liability aspect of this case without providing the dates of sale, the license agreements and actual revenues in the discovery phase of this case. The sales and revenue discovery is inextricably entwined with both liability and damages.

### B.    Defendants/Counterclaim Plaintiffs

Defendants/Counterclaim Plaintiffs believe that discovery and the trial should be conducted in phases. Defendants/Counterclaim Plaintiffs believe that the Court should first permit discovery and conduct a trial designed to determine (i) trademark priority, namely, which

party was the first to become associated with the designation DAWG POUND and whether that party maintained that association thereafter, and (ii) whether a likelihood of confusion exists. Whichever party prevails at the liability trial can then obtain discovery to determine its damages and a damages trial can be conducted thereafter.

Trademark infringement cases are well suited for bifurcation, and this one is no exception. *See, e.g., TVT Records v. Island Def Jam Music Group*, 279 F. Supp. 2d 413 (S.D.N.Y. 2003), *W.W.W. Pharm. Co., Inc. v. Gillette Co.*, 808 F. Supp. 1013 (S.D.N.Y. 1992). First, the factual and legal issues relevant to liability are distinct from the issues related to damages and thus, bifurcation is easily accomplished. *See Velez v. Majik Cleaning Serv., Inc.*, No. 03 Civ. 8698(SAS), 2005 WL 106895, at *4 n.43 (S.D.N.Y. Jan. 19, 2005) (citing 5 James Wm. Moore et al., *Moore's Federal Practice* § 23.46[2][a] (3d ed. 2003)) ("Courts often bifurcate trials into liability and damages phases in order to sever common liability questions from individual damages issues."); *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 346 n.111 (S.D.N.Y. 2004) (same). Second, time, money and judicial resources would be wasted if the case were not bifurcated as discussed above. *See LNC Invs., Inc. v. First Fid. Bank*, No. 92 Civ. 7584 CSH, 2000 WL 422399, at *4 (S.D.N.Y. Apr. 12, 2000) (bifurcating retrial and finding that, "[w]hile some proof of damages is necessary to show that Defendants' conduct caused Plaintiffs some harm, bifurcation will nonetheless accomplish significant efficiencies if Plaintiffs lose on liability"). Much damages discovery can be avoided if this case is bifurcated, as only one party will conduct damages discovery because a prevailing party will have been determined in the liability phase. *See Slater Elec. v. Indian Head, Inc.*, 223 U.S.P.Q. 729, 730 (S.D.N.Y. 1983) ("Bifurcation of liability and damages may be implemented by a stay of discovery on the issue of damages."). Adjudication of damages would also be less complicated. *See Colon v. Bic*

*USA, Inc.*, 199 F. Supp. 2d 53, 98 (S.D.N.Y. 2001) (finding separating liability from damages will increase efficiency because separate trial for liability may obviate damages trial, thus conserving judicial resources); *Slater Elec.*, 223 U.S.P.Q. at 731 ("The issue of damages is often more complex than the issues of validity and infringement.").  Third, the parties would not risk unnecessary disclosure of sensitive, proprietary information concerning their revenues, costs and profits during the damages phase if only the non-prevailing party need disclose such information. Finally, bifurcation and sequencing of discovery would not prejudice either party.  Indeed, bifurcation could inure to both parties' benefit because the prevailing party may recover attorney fees, which would be significantly reduced if discovery were sequenced and the trial bifurcated. Accordingly, bifurcation would benefit the Court and all parties.

Ultimately, the parties agree that the decision to sequence discovery and bifurcate a trial into liability and damages phases is firmly within the discretion of the Court.  *Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998) (court can "manage the discovery process to facilitate prompt and efficient resolution of the lawsuit"); *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir. 1984) (citation omitted) (finding bifurcation reasonable because two phases involved different types of evidence).  Thus, Defendants/Counterclaim Plaintiffs are willing to discuss this matter with the Court further at the upcoming conference and submit briefing on the issue should the Court deem it necessary.

## VI.  DISCOVERY DEADLINES

### A.    Plaintiff/Counterclaim Defendant

Plaintiff/Counterclaim Defendant proposes the following discovery and trial scheduled in the absence of a bifurcation order.

*August 5, 2005:*  Deadline for the disclosure of the identity of any person who may be used at trial to present evidence under Rules 702, 703, 705 of the Federal Rules of

Evidence.  This disclosure is to be accompanied by a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

*September 9, 2005*:  Deadline for the disclosure of the identity of any person who may be used at trial to present evidence that is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Federal Rule of Civil Procedure 26(a)(2)(B).  This disclosure is to be accompanied by a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

*February 10, 2006:*  Deadline for the close of discovery.

*March 21, 2006*:  Deadline for dispositive motions.

*April 5, 2006*:  Deadline for memoranda of law opposing dispositive motions.

*April 12, 2006*:  Deadline for reply memoranda of law in support of dispositive motions.

*March 9, 2006:*  Deadline for in limine motions.

*March 23, 2006:*  Deadline for memoranda of law opposing in limine motions.

*March 30, 2006*:  Deadline for reply memoranda of law in support of in limine motions.

*April 13, 2006:*  Deadline for serving and filing the evidence that the party may present at trial other than solely for impeachment pursuant to Federal Rule of Civil Procedure 26(a)(3).

*April 27, 2006:*  Deadline for serving and filing a list disclosing any objections to pretrial disclosures.

*June 5, 2006:*  Trial to determine liability.

**B.      Defendants/Counterclaim Plaintiffs**

***Discovery and a Trial on Liability***

Defendants/Counterclaim Plaintiffs propose the following discovery and trial schedule for the liability phase.

*May 5, 2005:*  Deadline for the disclosure of the identity of any person who may be used at trial to present evidence under Rules 702, 703, 705 of the Federal Rules of Evidence. This disclosure is to be accompanied by a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

*June 9, 2005*:  Deadline for the disclosure of the identity of any person who may be used at trial to present evidence that is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Federal Rule of Civil Procedure 26(a)(2)(B).  This disclosure is to be accompanied by a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

*November 9, 2005:*  Deadline for the close of discovery.

*December 21, 2005*:  Deadline for dispositive motions.

*January 5, 2006*:  Deadline for memoranda of law opposing dispositive motions.

*January 12, 2006*:  Deadline for reply memoranda of law in support of dispositive motions.

*March 9, 2006:*  Deadline for in limine motions.

*March 23, 2006:*  Deadline for memoranda of law opposing in limine motions.

*March 30, 2006*:  Deadline for reply memoranda of law in support of in limine motions.

*April 13, 2006:*  Deadline for serving and filing the evidence that the party may present at trial other than solely for impeachment pursuant to Federal Rule of Civil Procedure 26(a)(3).

*April 27, 2006:*  Deadline for serving and filing a list disclosing any objections to pretrial disclosures.

*May 11, 2006:*  Trial to determine liability.

### Discovery and a Trial on Damages

Defendants/Counterclaim Plaintiffs propose the following discovery and trial schedule, which would be limited to determining the amount of damages, if any, attributable to the infringement.  This schedule assumes a full trial on liability.  Of course, the parties would seek leave to modify this schedule if either party appeals the determination on liability or if the Court determines liability by dispositive motion.

*September 2, 2006:*  Deadline for the disclosure of the identity of any person who may be used at trial to present evidence under Rules 702, 703, 705 of the Federal Rules of Evidence.  This disclosure is to be accompanied by a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

*September 30, 2006*:  Deadline for the disclosure of the identity of any person who may be used at trial to present evidence that is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Federal Rule of Civil Procedure 26(a)(2)(B).  This disclosure is to be accompanied by a written report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B).

*March 28, 2007:*  Deadline for the close of discovery.

*May 10, 2007*:  Deadline for dispositive motions.

*May 24, 2007*:  Deadline for memoranda of law opposing dispositive motions.

*May 31, 2007*:  Deadline for reply memoranda of law in support of dispositive motions.

*June 28, 2007:*  Deadline for in limine motions.

*July 12, 2007:*  Deadline for memoranda of law opposing in limine motions.

*July 19, 2007*:  Deadline for reply memoranda of law in support of in limine motions.

*August 2, 2007:*  Deadline for serving and filing the evidence that the party may present at trial other than solely for impeachment pursuant to Federal Rule of Civil Procedure 26(a)(3).

*August 16, 2007:*  Deadline for serving and filing a list disclosing any objections to pretrial disclosures.

*August 30, 2007:*  Trial to determine the amount of damages, if any, attributable to the infringement.

## VII.   LIMITATIONS ON DISCOVERY

The parties do not believe it is necessary at this time to deviate from the usual limitations on the number of depositions.  However, if discovery reveals information that requires such deviation, the parties will seek leave of the Court to conduct additional depositions. The parties, however, request that the Court increase the number of interrogatories from 25 to 75 in number including all discrete subparts.

## VIII.   COURT ORDERS

The parties believe that certain limitations should be placed on the use of discovery materials in this case.  Therefore, the parties ask the Court to approve the protective order attached to this plan.

The parties also ask the Court to enter a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).

Dated:    Floral Park, California
          January 25, 2005

                                        _____/s/_____
                                        Christine Karol Roberts (CR-0669)
                                        Law Offices of Christine Karol Roberts
                                        1109 West Twenty-first Street
                                        Floral Park, California 92706
                                        Telephone:  (714) 479-0024
                                        Facsimile:  (714) 479-0025

                                        ATTORNEY FOR
                                        PLAINTIFF/COUNTERCLAIM DEFENDANT

Dated:    New York, New York
          January 25, 2005

                                        /s/ Jennifer J. Millones
                                        Robert L. Raskopf (RR-5022)
                                        Jennifer J. Millones (JM-3470)
                                        Jessica A. Rose (JR-4300)
                                        WHITE & CASE LLP
                                        1155 Avenue of the Americas
                                        New York, New York  10036
                                        Telephone:  (212) 819-8200
                                        Facsimile:  (212) 354-8113

                                        ATTORNEYS FOR
                                        DEFENDANTS/COUNTERCLAIM
                                        PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

HAWAII-PACIFIC APPAREL GROUP, INC.,

Plaintiff/Counterclaim Defendant,

-against-

CLEVELAND BROWNS FOOTBALL
COMPANY LLC and NATIONAL
FOOTBALL LEAGUE PROPERTIES, INC.,

Defendants/Counterclaim Plaintiffs.

Case No.: 04 CV 7863 (DC)

Judge:  The Honorable Denny Chin

## STIPULATED PROTECTIVE ORDER

Subject to the approval of this Court, the parties hereby stipulate to the following

Protective Order:

1.      In connection with the proceedings in this action, the parties may designate any

information, document, thing, material, testimony, or other information derived therefrom, as

"Confidential" under the terms of this Stipulated Protective Order (hereinafter "Protective Order").  All

"Confidential Information" produced or exchanged in the course of this litigation shall be used solely for

the purpose of the prosecution, defense, settlement, preparation and trial of this litigation and for no

other purpose whatsoever, and shall not be disclosed to any person, firm or corporation except in

accordance with the terms hereof.

2.      "Confidential Information" as used herein means any information of any type, kind or

character, oral or written, which is designated as such by any party claiming an interest in such

information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or pursuant to any federal, state or local rules of the Court, or otherwise. Such information includes, but is not limited to, processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, sales representatives, inventories, amount or source of any income, profits, losses or expenditures of any persons, firms, partnership, corporation, or other organization, the disclosure of which information may have the affect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.  In designating information as "Confidential," a party will make such designation only as to that information in which it has a proprietary interest.  Information or material which has been made available to the public by the respective parties, including, but not limited to, catalogues, advertising materials, and the like shall not be designated as "Confidential."

3.    Prior to receiving any "Confidential Information", each "Qualified Person" shall be provided with a copy of this Order and shall execute a nondisclosure in the form of Exhibit "A", a copy of which shall be provided forthwith to counsel for each other party and for the parties.  "Qualified Person" as used herein means:

(a)    Outside attorneys of record, outside attorneys of counsel, outside attorneys supervising or working under the direction of an outside attorney of record, in-house attorneys of the parties, and outside services (e.g., copying services) relating to litigation.  It will be sufficient that outside attorneys of record are qualified persons to execute this Order and each

employee and support personnel shall not execute the Order, but shall be bound to its terms, nevertheless.  It is understood by Counsel's execution of this Order that all employees, support staff and copy service or other employees furnished with or viewing Confidential Information shall comply with and be bound by the terms of this Order.  Copies of documents produced under this Protective Order may be made, or exhibits prepared, by independent printers or illustrators for the purposes of this litigation, but copies furnished to such entities shall be furnished only in accordance with the provisions of this Protective Order.  It is further provided that any "Confidential Information" sent to in-house attorneys of the parties, either by mail or courier, or otherwise, shall be marked "Confidential -- Only to Be Opened By Counsel" so as to avoid any improper disclosure which may occur as a result of any other employee including, but not limited to mail room employees, receptionists, etc. of the parties opening and disclosing any information intended for "eyes of counsel only."

(b)     Actual or potential independent experts or consultants who have signed a document in the form of Exhibit "A" attached hereto.  An independent expert shall not include any regular employee or agent of the party receiving the "Confidential Information."

(c)     Subject to the terms set forth in (a) above, any party or other person who is designated as a Qualified Person by Order of the Court, or by agreement of the parties, after notice to all parties and who has read this Protective Order and has agreed to be bound thereby by signing a document in the form of Exhibit "A" attached hereto.

4.     Documents produced in this action may be designated as "Confidential Information" by marking the initial page in appropriate fashion, e.g. "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."  In lieu of marking the original of a document, the designating party may mark the copies that are produced or exchanged.

5.     With respect to depositions, the party or witness may, by letter to all counsel of record, designate any portion of deposition testimony as "Confidential Information" at any time up to thirty (30) days after actual receipt of the transcript of the deposition from the court reporter, and until the end of the thirty-day period (or until an earlier designation is made by counsel), the entire deposition shall be treated as "Confidential Information" at the request of counsel, party or witness.

6.     Except as otherwise provided in this Protective Order, "Confidential Information" shall not be disclosed by the receiving party to anyone other than those persons designated in Paragraph 3.

7.     Documents to be inspected shall be treated as confidential during inspection.  At the time of copying for the receiving parties, such inspected documents shall be stamped prominently by the producing party as set forth in Paragraph 4.

8.     Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as "Confidential Information" consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.  In addition, nothing herein shall prevent any outside counsel of record from utilizing "Confidential Information" in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential Information," irrespective of which party produced such information.  In

-4-

the event that any "Confidential Information" is used in any court proceeding in this action, it shall not

lose its confidential status through such use, and the party using such information shall take all necessary

steps to protect its confidentiality during such use.

9.    A party shall not be obligated to challenge the propriety of a "Confidential Information"

designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  A

party shall be obligated to challenge the propriety of the designation of any person as a Qualified Person

by written objection within five (5) days of receipt of his/her designation.  During that five-day period, or

until resolution of such challenge, whichever comes later, such person shall not have access to material

that has been designated as "Confidential Information."  In the event that any party to this litigation

disagrees at any stage of this proceeding with the designation of any information as "Confidential

Information," or the designation of any person as a Qualified Person, the parties shall first try to resolve

such dispute in good faith on an informal basis during which the designating party shall be given a

minimum of ten (10) days to respond to a written request for the release of the designated information

or to take some other action concerning the designation of such person.

If the dispute or challenge cannot be resolved informally, the objecting party may seek

appropriate relief from this Court.  The objecting party shall have the burden of establishing the need for

removing the designated status of such information and/or the burden of establishing that one of the

exceptions listed in sub-parts (a)-(b) below applies to such information.  Until such time as the dispute is

resolved, such designated information shall be maintained in accordance with this Protective Order.

The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an Order of this Court modifying this Protective Order. Information shall not be regarded as "Confidential Information" if it is information that either:

(a)     is in the public domain at the time of disclosure, as evidenced by a written document;

(b)     becomes a part of the public domain through no fault of the receiving party;

(c)     the receiving party can show that the information was in its lawful possession at the time of production or disclosure; or

(d)     the receiving party lawfully receives such information at a later day from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

10.     All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

11.     A party may use in any affidavits, briefs, memoranda of law, or other papers filed in the litigation "Confidential Information," but any such documents shall be maintained under seal by the Court.

-6-

12.     Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

13.     Inadvertent or unintentional disclosure by a party supplying "Confidential Information" that was so designated at the time of disclosure shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information.

14.     Within sixty (60) days after the conclusion of this litigation, each original and every copy of each document which contains "Confidential Information" shall either be returned to the producing party or destroyed except as this Court shall order or to the extent that such information was used as evidence at trial, or to the extent that the parties' outside counsel of record appearing in this action may retain one copy for their files, subject to the terms of this paragraph of the Stipulated Protective Order. Insofar as the provisions of this Order restrict the communication and use of information produced in this action, it shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restrictions on documents that are used as exhibits in Court (unless such exhibits were filed under seal) and (b) a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order.

15.     This Protective Order shall not bar or otherwise restrict any attorney or counsel herein from rendering legal advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying upon examination of "Confidential Information"; provided, however, that in

rendering such advice and in otherwise communicating with his or her client(s), the attorney shall not disclose the specific contents of any information designated "Confidential Information", produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.  No attorney shall rely upon or examine "Confidential Information" in this case for any other purpose, including the rendering of business advice to his or her client, other than in the context of this litigation.

16.    Any party designating any person as a Qualified Person under paragraphs 3 shall have the duty to reasonably ensure that such person observes the terms of the Protective Order.

17.    Persons who are not Qualified Persons under this Protective Order may be interviewed or examined as witnesses at depositions and at trial concerning all "Confidential Information" produced under this Protective Order of which such persons have prior knowledge.  Prior to receiving any "Confidential Information," each non-Qualified Person described below shall be provided with a copy of this Order and shall execute a nondisclosure in the form of Exhibit "A," a copy of which shall be provided forthwith to counsel for the parties. In addition, it will not be a violation of this Protective Order for:

(a)    a present employee of a party to be examined as a witness at depositions and trial concerning all "Confidential Information" produced under this Protective Order of which that person had prior knowledge;

(b)    a former employee of a party to be examined at depositions and at trial concerning all "Confidential Information" produced under this Protective Order pertaining to the period or

periods of the forms employee's employment and prior thereto of which that person had prior

knowledge;

(c)      a present or former consultant to a party to be examined at depositions and at trial

concerning all "Confidential Information" produced under this Protective Order pertaining to the

subject matter of the consultant's consultations;

(d)      nonparties to be examined at depositions and at trial concerning any document

containing "Confidential Information" produced under this Protective Order which appears on

its face or from other documents or testimony to have been received by or communicated to the

nonparty as a result of any contact or relationship with the producing party, or a representative

of such party.

18.      Other than court personnel and court reporters, only the witness, his outside attorney

and other persons to whom the "Confidential Information produced under this Protective Order may be

communicated may be present at any examination concerning said "Confidential Information."

However, designated principals or representatives may be present for any portion of any deposition or

hearing not designated as "Confidential" by the parties.  Such representative may be requested to leave

a deposition while examination pertains to matters deemed "Confidential" by either party to this

litigation.

19.    Nothing in this Order in any manner defines the scope of discovery or the materials to be produced in this litigation.

Dated: Floral Park, California
         January 25, 2005

                                    ___/s/ Christine Karol Roberts
                                    Christine Karol Roberts (CR-0669)
                                    Law Offices of Christine Karol Roberts
                                    1109 West Twenty-first Street
                                    Floral Park, California 92706
                                    Telephone:  (714) 479-0024
                                    Facsimile:  (714) 479-0025

                                    ATTORNEY FOR
                                    PLAINTIFF/COUNTERCLAIM DEFENDANT

Dated: New York, New York
         January 25, 2005

                                    ___/s/ Jennifer J. Millones
                                    Robert L. Raskopf (RR-5022)
                                    Jennifer J. Millones (JM-3470)
                                    Jessica A. Rose (JR-4300)
                                    **WHITE & CASE**LLP
                                    1155 Avenue of the Americas
                                    New York, New York  10036
                                    Telephone:  (212) 819-8200
                                    Facsimile:  (212) 354-8113

                                    ATTORNEYS FOR
                                    DEFENDANTS/COUNTERCLAIM
                                    PLAINTIFFS

APPROVED AND SO ORDERED:

_____
         The Honorable Denny Chin

Dated: _____, 2005

-10-

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

HAWAII-PACIFIC APPAREL GROUP, INC.,

             Plaintiff/Counterclaim Defendant,

         -against-

CLEVELAND BROWNS FOOTBALL
COMPANY LLC and NATIONAL
FOOTBALL LEAGUE PROPERTIES, INC.,

           Defendants/Counterclaim Plaintiffs.

Case No.: 04 CV 7863 (DC)

Judge:  The Honorable Denny Chin

      In accordance with the provisions of the Stipulated Protective Order in the above-captioned proceeding, the undersigned hereby agrees to be bound thereby, to submit to the jurisdiction of the United States District Court for the Southern District of New York, or the district court in which the undersigned resides, for purposes of enforcing this Protective Order.  The undersigned further states that he/she has read said Protective Order and understands and agrees to the terms and conditions thereof.

Dated:_____                    _____

**EXHIBIT A**

STATE OF_____§

COUNTY OF_____§

BEFORE ME, the undersigned authority, on this day personally appeared

_____, known to me to be the person whose name is subscribed to the

foregoing instrument and acknowledged to me that he executed the same for the purposes therein

stated.

_____

Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on this_____day of_____, 200__.

[SEAL]                          _____

Notary Public in and for the State

of_____