UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAWAII-PACIFIC APPAREL GROUP, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> -against- <br><br> CLEVELAND BROWNS FOOTBALL COMPANY LLC and NATIONAL FOOTBALL LEAGUE PROPERTIES, INC., <br><br> Defendants/Counterclaim Plaintiffs. | Case No.: 04 CV 7863 (DC) <br><br> Judge: The Honorable Denny Chin <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 2/2/05 |

## STIPULATED PROTECTIVE ORDER

Subject to the approval of this Court, the parties hereby stipulate to the following Protective Order:

1.  In connection with the proceedings in this action, the parties may designate any information, document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Protective Order"). All "Confidential Information" produced or exchanged in the course of this litigation shall be used solely for the purpose of the prosecution, defense, settlement, preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person, firm or corporation except in accordance with the terms hereof.

2.  "Confidential Information" as used herein means any information of any type, kind or character, oral or written, which is designated as such by any party claiming an interest in

Dockets.Justia.com

such information, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or pursuant to any federal, state or local rules of the Court, or otherwise. Such information includes, but is not limited to, processes, operations, type or work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, sales representatives, inventories, amount or source of any income, profits, losses or expenditures of any persons, firms, partnership, corporation, or other organization, the disclosure of which information may have the affect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. In designating information as "Confidential," a party will make such designation only as to that information in which it has a proprietary interest. Information or material which has been made available to the public by the respective parties, including, but not limited to, catalogues, advertising materials, and the like shall not be designated as "Confidential."

3. Prior to receiving any "Confidential Information", each "Qualified Person" shall be provided with a copy of this Order and shall execute a nondisclosure in the form of Exhibit "A", a copy of which shall be provided forthwith to counsel for each other party and for the parties. "Qualified Person" as used herein means:

(a) Outside attorneys of record, outside attorneys of counsel, outside attorneys supervising or working under the direction of an outside attorney of record, in-house attorneys of the parties, and outside services (e.g., copying services) relating to litigation. It will be sufficient that outside attorneys of record are qualified persons to execute this

Order and each employee and support personnel shall not execute the Order, but shall be bound to its terms, nevertheless. It is understood by Counsel's execution of this Order that all employees, support staff and copy service or other employees furnished with or viewing Confidential Information shall comply with and be bound by the terms of this Order. Copies of documents produced under this Protective Order may be made, or exhibits prepared, by independent printers or illustrators for the purposes of this litigation, but copies furnished to such entities shall be furnished only in accordance with the provisions of this Protective Order. It is further provided that any "Confidential Information" sent to in-house attorneys of the parties, either by mail or courier, or otherwise, shall be marked "Confidential -- Only to Be Opened By Counsel" so as to avoid any improper disclosure which may occur as a result of any other employee including, but not limited to mail room employees, receptionists, etc. of the parties opening and disclosing any information intended for "eyes of counsel only."

    (b)    Actual or potential independent experts or consultants who have signed a document in the form of Exhibit "A" attached hereto. An independent expert shall not include any regular employee or agent of the party receiving the "Confidential Information."

    (c)    Subject to the terms set forth in (a) above, any party or other person who is designated as a Qualified Person by Order of the Court, or by agreement of the parties, after notice to all parties and who has read this Protective Order and has agreed to be bound thereby by signing a document in the form of Exhibit "A" attached hereto.

4. Documents produced in this action may be designated as "Confidential Information" by marking the initial page in appropriate fashion, e.g. "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." In lieu of marking the original of a document, the designating party may mark the copies that are produced or exchanged.

5. With respect to depositions, the party or witness may, by letter to all counsel of record, designate any portion of deposition testimony as "Confidential Information" at any time up to thirty (30) days after actual receipt of the transcript of the deposition from the court reporter, and until the end of the thirty-day period (or until an earlier designation is made by counsel), the entire deposition shall be treated as "Confidential Information" at the request of counsel, party or witness.

6. Except as otherwise provided in this Protective Order, "Confidential Information" shall not be disclosed by the receiving party to anyone other than those persons designated in Paragraph 3.

7. Documents to be inspected shall be treated as confidential during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently by the producing party as set forth in Paragraph 4.

8. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as "Confidential Information" consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure. In addition, nothing herein shall prevent any outside counsel of record from utilizing "Confidential Information" in the examination or cross-examination of any person who is indicated on the document as being

an author, source or recipient of the "Confidential Information," irrespective of which party produced such information. In the event that any "Confidential Information" is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such information shall take all necessary steps to protect its confidentiality during such use.

9. A party shall not be obligated to challenge the propriety of a "Confidential Information" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. A party shall be obligated to challenge the propriety of the designation of any person as a Qualified Person by written objection within five (5) days of receipt of his/her designation. During that five-day period, or until resolution of such challenge, whichever comes later, such person shall not have access to material that has been designated as "Confidential Information." In the event that any party to this litigation disagrees at any stage of this proceeding with the designation of any information as "Confidential Information," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis during which the designating party shall be given a minimum of ten (10) days to respond to a written request for the release of the designated information or to take some other action concerning the designation of such person.

If the dispute or challenge cannot be resolved informally, the objecting party may seek appropriate relief from this Court. The objecting party shall have the burden of establishing the need for removing the designated status of such information and/or the burden of establishing that one of the exceptions listed in sub-parts (a)-(b) below applies to such information. Until

such time as the dispute is resolved, such designated information shall be maintained in accordance with this Protective Order.

The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an Order of this Court modifying this Protective Order. Information shall not be regarded as "Confidential Information" if it is information that either:

(a) is in the public domain at the time of disclosure, as evidenced by a written document;

(b) becomes a part of the public domain through no fault of the receiving party;

(c) the receiving party can show that the information was in its lawful possession at the time of production or disclosure; or

(d) the receiving party lawfully receives such information at a later day from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

10. All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

11. A party may use in any affidavits, briefs, memoranda of law, or other papers filed in the litigation "Confidential Information," but any such documents shall be maintained under seal by the Court.

12. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

13. Inadvertent or unintentional disclosure by a party supplying "Confidential Information" that was so designated at the time of disclosure shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information.

14. Within sixty (60) days after the conclusion of this litigation, each original and every copy of each document which contains "Confidential Information" shall either be returned to the producing party or destroyed except as this Court shall order or to the extent that such information was used as evidence at trial, or to the extent that the parties' outside counsel of record appearing in this action may retain one copy for their files, subject to the terms of this paragraph of the Stipulated Protective Order. Insofar as the provisions of this Order restrict the communication and use of information produced in this action, it shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restrictions on documents that are used as exhibits in Court (unless such exhibits were filed under seal) and (b) a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of this Protective Order.

15. This Protective Order shall not bar or otherwise restrict any attorney or counsel herein from rendering legal advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying upon examination of "Confidential Information"; provided,

however, that in rendering such advice and in otherwise communicating with his or her client(s), the attorney shall not disclose the specific contents of any information designated "Confidential Information", produced by another party herein, which disclosure would be contrary to the terms of this Protective Order. No attorney shall rely upon or examine "Confidential Information" in this case for any other purpose, including the rendering of business advice to his or her client, other than in the context of this litigation.

16. Any party designating any person as a Qualified Person under paragraphs 3 shall have the duty to reasonably ensure that such person observes the terms of the Protective Order.

17. Persons who are not Qualified Persons under this Protective Order may be interviewed or examined as witnesses at depositions and at trial concerning all "Confidential Information" produced under this Protective Order of which such persons have prior knowledge. Prior to receiving any "Confidential Information," each non-Qualified Person described below shall be provided with a copy of this Order and shall execute a nondisclosure in the form of Exhibit "A," a copy of which shall be provided forthwith to counsel for the parties. In addition, it will not be a violation of this Protective Order for:

   (a) a present employee of a party to be examined as a witness at depositions and trial concerning all "Confidential Information" produced under this Protective Order of which that person had prior knowledge;

   (b) a former employee of a party to be examined at depositions and at trial concerning all "Confidential Information" produced under this Protective Order pertaining to the

period or periods of the forms employee's employment and prior thereto of which that person had prior knowledge;

(c) a present or former consultant to a party to be examined at depositions and at trial concerning all "Confidential Information" produced under this Protective Order pertaining to the subject matter of the consultant's consultations;

(d) nonparties to be examined at depositions and at trial concerning any document containing "Confidential Information" produced under this Protective Order which appears on its face or from other documents or testimony to have been received by or communicated to the nonparty as a result of any contact or relationship with the producing party, or a representative of such party.

18. Other than court personnel and court reporters, only the witness, his outside attorney and other persons to whom the "Confidential Information produced under this Protective Order may be communicated may be present at any examination concerning said "Confidential Information." However, designated principals or representatives may be present for any portion of any deposition or hearing not designated as "Confidential" by the parties. Such representative may be requested to leave a deposition while examination pertains to matters deemed "Confidential" by either party to this litigation.

19. Nothing in this Order in any manner defines the scope of discovery or the materials to be produced in this litigation.

Dated: Floral Park, California
       January 25, 2005

/s/
Christine Karol Roberts (CR-0669)
Law Offices of Christine Karol Roberts
1109 West Twenty-first Street
Floral Park, California 92706
Telephone: (714) 479-0024
Facsimile: (714) 479-0025

ATTORNEY FOR
PLAINTIFF/COUNTERCLAIM DEFENDANT

Dated: New York, New York
       January 25, 2005

Robert L. Raskopf (RR-5022)
Jennifer J. Millones (JM-3470)
Jessica A. Rose (JR-4300)
**WHITE & CASE LLP**
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

ATTORNEYS FOR
DEFENDANTS/COUNTERCLAIM
PLAINTIFFS

APPROVED AND SO ORDERED:

The Honorable Denny Chin
Dated: 2/2/05, 2005

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAWAII-PACIFIC APPAREL GROUP, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> -against- <br><br> CLEVELAND BROWNS FOOTBALL COMPANY LLC and NATIONAL FOOTBALL LEAGUE PROPERTIES, INC., <br><br> Defendants/Counterclaim Plaintiffs. | Case No.: 04 CV 7863 (DC) <br><br> Judge: The Honorable Denny Chin |

In accordance with the provisions of the Stipulated Protective Order in the above-captioned proceeding, the undersigned hereby agrees to be bound thereby, to submit to the jurisdiction of the United States District Court for the Southern District of New York, or the district court in which the undersigned resides, for purposes of enforcing this Protective Order. The undersigned further states that he/she has read said Protective Order and understands and agrees to the terms and conditions thereof.

Dated:_____         _____

**EXHIBIT A**

STATE OF ______________________§

COUNTY OF_____________________§

BEFORE ME, the undersigned authority, on this day personally appeared ______________________________, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes therein stated.

______________________________

Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on this______day of_______________, 200__.

[SEAL]

______________________________

______Notary Public in and for the State

of____________________________