# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAWAII-PACIFIC APPAREL GROUP, INC.<br>3037 Vail Avenue<br>Los Angeles, California  90040,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>CLEVELAND BROWNS FOOTBALL<br>COMPANY, LLC<br>76 Lou Groza Boulevard<br>Berea, Ohio  44017,<br><br>and<br><br>NATIONAL FOOTBALL LEAGUE<br>PROPERTIES, INC.<br>280 Park Avenue<br>New York, New York  10017,<br><br>    Defendants/Counterclaim Plaintiffs. | Case No. 04 CV 7863 (DC)<br><br>Judge:<br>The Honorable Denny Chin<br><br><br>FIRST AMENDED REPLY<br>AND COUNTERCLAIMS FOR<br>COPYRIGHT INFRINGEMENT<br><br>(Filed Electronically) |

NOW COMES the Plaintiff, HAWAII-PACIFIC APPAREL GROUP, INC. ("HPAG"), through counsel, and as Counterclaim Defendant answering the counterclaims of the Defendants/Counterclaim Plaintiffs, CLEVELAND BROWNS FOOTBALL COMPANY, LLC ("the Browns"), and NATIONAL FOOTBALL LEAGUE PROPERTIES, LLC, as successors-in-interest to NATIONAL FOOTBALL LEAGUE PROPERTIES, INC. ("NFLP"), would respectfully show as follows:

1.    The allegations of ¶ 1 of the Counterclaim are denied, except that the filing of opposition and cancellation proceedings are a matter of public record.

2.    HPAG admits that it sent letters to the Browns, the NFLP and known licensees requesting that they cease and desist from using HPAG's mark, DAWG POUND. The remaining

1

allegations of ¶ 2 of the Counterclaims are denied, except insofar as it is alleged that the action filed in the Northern District of Ohio was dismissed and later affirmed by the United States Court of Appeals for the Sixth Circuit, which allegation is admitted.

3. The averments of ¶ 3 of the Counterclaims allege no facts but merely argument, but to the extent facts are alleged, the allegations are denied.

4. The allegations of ¶ 4 of the Counterclaims are admitted.

5. HPAG has no direct knowledge of the allegations contained in ¶ 5 and therefore denies the same.

6. The allegations of ¶ 6 of the Counterclaims are admitted.

7. HPAG admits that the Browns and NFLP purport to bring their claims pursuant to 15 U.S.C. § 1125(a), 15 U.S.C. § 1125(c), 15 U.S.C. § 1114(1), N.Y. Gen. Bus. Law § 349(h), and the common law. The allegations of ¶ 7 of the Counterclaims require no further response, but to the extent a response is required, the allegations are denied.

8. HPAG admits that the Browns and NFLP purport to assert subject-matter jurisdiction by virtue of the relationship of the allegations of the Counterclaims to the allegations of the main demand.

9. HPAG admits that the Browns and NFLP purport to assert personal jurisdiction because HPAG filed suit in this forum.

10. HPAG admits that the Browns and NFLP purport to assert that venue is proper for the purposes of adjudicating their counterclaims.

11. HPAG has no direct knowledge of the organization of the Member Clubs or of the NFL and therefore denies the same. The allegations of ¶ 11 of the Counterclaims are otherwise admitted.

12. HPAG has no direct knowledge of the manner in which the Member Clubs derive their revenue and therefore denies the same. The popularity of NFL football is a matter of common knowledge and therefore is admitted. The allegations of ¶ 12 of the Counterclaims are otherwise denied.

13. To the extent it is alleged that the Member Clubs own trademarks that have been registered, those registrations presumably are a matter of public record. The allegations of ¶ 13 of the Counterclaims are otherwise denied.

14. It is admitted that there is a professional football club doing business in Cleveland which is known as the Browns. HPAG has no direct knowledge of the extent to which the Browns have fan support and therefore denies the same. The allegations of ¶ 14 of the Counterclaims are otherwise denied.

15. To the extent it is alleged that the term "Dawg Pound" was associated with fans attending Browns games in Cleveland, but not as a trademark, the allegation is admitted. The allegations of ¶ 15 of the Counterclaims are otherwise denied.

16. The allegations of ¶ 16 of the Counterclaims are denied.

17. The documents attached to the counterclaim and marked composite Exhibit A speak for themselves. The allegations of ¶ 17 of the Counterclaims are otherwise denied.

18. HPAG has no direct knowledge of the existence and scope of the license agreements referred to. On that basis, the allegations of ¶ 18 of the Counterclaims are denied.

19. The allegations of ¶ 19 of the Counterclaims are denied.

20. The allegations of ¶ 20 of the Counterclaims are admitted. HPAG further answers that the advertising, distribution, and sale of the "DAWG POUND merchandise," without the authorization of HPAG, is unlawful.

21. The allegations of ¶ 21 of the Counterclaims are admitted. HPAG further answers that the income and revenues derived by NFLP from the advertising, distribution, and sale of the "DAWG POUND merchandise," without the authorization of HPAG, is unlawful and that the income and revenues aforesaid received by NFLP are held by NFLP as a constructive trustee for the benefit of HPAG.

22. The allegations of ¶ 22 of the Counterclaims are denied.

23. The documents attached to the counterclaim and marked composite Exhibit B speak for themselves. The allegations of ¶ 23 of the Counterclaims are otherwise denied.

24. The allegations of ¶ 24 of the Counterclaims are denied.

25. The allegations of ¶ 25 of the Counterclaims are denied.

26. Proceedings before the USPTO and the TTAB are matters of public record and are therefore admitted. HPAG is without independent knowledge of when the Browns and NFLP filed for relief and therefore denies the same.

27. Proceedings before the USPTO and the TTAB are matters of public record and are therefore admitted. HPAG is without independent knowledge of when the Browns and NFLP filed for relief and therefore denies the same.

28. The allegations of ¶ 28 of the Counterclaims are admitted.

29. The allegations of ¶ 29 of the Counterclaims are admitted.

30. The documents attached to the counterclaim and marked Exhibits C and D speak for themselves. The allegations of ¶ 30 of the Counterclaims are otherwise denied.

31. The allegations of ¶ 31 of the Counterclaims are denied, except insofar as it is alleged that the action filed in the Northern District of Ohio was dismissed and later affirmed by the United States Court of Appeals for the Sixth Circuit, which allegation is admitted.

## REPLY TO COUNT I
## DECLARATION OF NON-INFRINGEMENT AND NON-DILUTION

32. HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 31 of the Counterclaims. No response to the allegations of ¶ 32 of the Counterclaims is required, but to the extent the allegations call for a response, the allegations are denied.

33. The allegations of ¶ 33 of the Counterclaims are denied.

## REPLY TO COUNT II
## FEDERAL UNFAIR COMPETITION

34. HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 33 of the Counterclaims. No response to the allegations of ¶ 34 of the Counterclaims is required, but to the extent the allegations call for a response, the allegations are denied.

35. The allegations of ¶ 35 of the Counterclaims are denied.

36. The allegations of ¶ 36 of the Counterclaims are denied.

37. The allegations of ¶ 37 of the Counterclaims are denied.

## REPLY TO COUNT III
## FEDERAL DILUTION

38. HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 37 of the Counterclaims. No response to the allegations of ¶ 38 of the Counterclaims is required, but to the extent the allegations call for a response, the allegations are denied.

39. The allegations of ¶ 39 of the Counterclaims are denied.

40. The allegations of ¶ 40 of the Counterclaims are denied.

41. The allegations of ¶ 41 of the Counterclaims are denied.

42. The allegations of ¶ 42 of the Counterclaims are denied.

## COUNT IV
## DECEPTIVE ACTS AND PRACTICES UNDER NEW YORK LAW

43. HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 42 of the Counterclaims. No response to the allegations of ¶ 43 of the Counterclaims is required, but to the extent the allegations call for a response, the allegations are denied.

44. The allegations of ¶ 44 of the Counterclaims are denied.

45. The allegations of ¶ 45 of the Counterclaims are denied.

## COUNT V
## INJURY TO BUSINESS REPUTATION AND
## DILUTION UNDER NEW YORK LAW

46. HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 45 of the Counterclaims. No response to the allegations of ¶ 46 of the Counterclaims is required, but to the extent the allegations call for a response, the allegations are denied.

47. The allegations of ¶ 47 of the Counterclaims are denied.

48. The allegations of ¶ 48 of the Counterclaims are denied.

49. The allegations of ¶ 49 of the Counterclaims are denied.

## COUNT VI
## COMMON LAW TRADEMARK INFRINGEMENT

50. HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 49 of the Counterclaims. No response to the allegations of ¶ 50 of the Counterclaims is required, but to the extent the allegations call for a response, the allegations are denied.

51. The allegations of ¶ 51 of the Counterclaims are denied.

52. The allegations of ¶ 52 of the Counterclaims are denied.

53. The allegations of ¶ 53 of the Counterclaims are denied.

## COUNT VII
## COMMON LAW UNFAIR COMPETITION

54. HPAG repeats and realleges the responses to the allegations contained in paragraphs 1 through 53 of the Counterclaims. No response to the allegations of ¶ 54 of the Counterclaims is required, but to the extent the allegations call for a response, the allegations are denied.

55. The allegations of ¶ 55 of the Counterclaims are denied.

56. The allegations of ¶ 56 of the Counterclaims are denied.

57. The allegations of ¶ 57 of the Counterclaims are denied.

58. No response to the prayer for relief of the Counterclaims is required, but to the extent the allegations call for a response, the allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

59. The Browns and NFLP's claims are barred, in whole or in part, because the Browns and the NFLP have failed to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

60. The Counterclaims are devoid of merit due to the presumption, pursuant to the Trademark Act of 1946 and all other trademark laws, of the validity of the trademark registrations obtained by HPAG. HPAG is the owner of a family of marks including LIL DAWG POUND, Registration No. 1,963,463; TOP DAWG, Registration No. 1,886,130; DAWG POUND,

Application Serial No. 74/498198; DA DAWG, Application Serial No. 75/023191; and TOP DAWG, Application Serial No. 75/113517.

### THIRD AFFIRMATIVE DEFENSE

61. The Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

62. The Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

63. The Counterclaims are barred, in whole or in part, by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

64. The Counterclaims are barred, in whole or in part, by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

65. Defendants/Counterclaim Plaintiffs lack standing to seek redress for the injuries alleged in the Counterclaims

.

### EIGHTH AFFIRMATIVE DEFENSE

66. The Counterclaims are barred, in whole or in part, because the Browns and/or the NFLP and/or their licensees, have abandoned any rights in the mark DAWG POUND and/or PUPPY POUND by non-use of the mark with the express or implied intent not to continue use.

### NINTH AFFIRMATIVE DEFENSE

67. The Counterclaims are barred, in whole or in part, by the equitable principle of acquiescence.

### COUNTERCLAIMS

As its Counterclaims against the Browns and the NFLP, HPAG alleges:

### PARTIES AND JURISDICTION

1. Jurisdiction is founded on a federal question, within the meaning of 28 U.S.C. §§ 1331 and 1338 in that it is a suit for infringement and unfair competition, under the provisions of the Lanham Trademark Act, 15 U.S.C. § 1121(a) and for infringement under the Copyright Act, 17 U.S.C. § 501. The Court's supplemental jurisdiction over the state law claims is invoked pursuant to 28 U.S.C. § 1367.

2. Plaintiff, Hawaii-Pacific Apparel Group, Inc. ("HPAG"), is an Hawaii corporation with its principal place of business at 3037 Vail Avenue, Los Angeles, California 90040.

3. Plaintiff is reliably informed and on the basis of that information alleges that Defendant Cleveland Browns Football Company, LLC ("the Browns"), is a Delaware limited liability company with its principal place of business at 76 Lou Groza Boulevard, Berea, Ohio 44017.

4. Plaintiff is reliably informed and on the basis of that information alleges that Defendant National Football League Properties, Inc. ("NFLP"), is a California corporation with its principal place of business at 280 Park Avenue, New York, New York 10017.

5. The Browns, by virtue of transacting business within New York and contracting to supply goods or services in the state through the medium of its trademark licensor, NFLP, within the

meaning of N.Y. CPLR 302(a)(1), have purposely availed themselves of the privilege of doing business in New York and have committed tortious acts within New York, within the meaning of N.Y. CPLR 302(a)(2), such that the exercise of personal jurisdiction is reasonable. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## COMMON FACTUAL ALLEGATIONS

6. Since 1991, HPAG has been engaged in the sale of wearing apparel and footwear, and such sales have extended throughout the United States and over the years HPAG has identified its goods with a family of trademarks, including, inter alia, TOP DAWG, LIL DAWG POUND, and DAWG POUND.

7. Since at least March 1, 1995, and March 8, 1994, respectively, HPAG adopted, for the purpose of identifying its goods and distinguishing them from the goods of other manufacturers, trademarks consisting of the words LIL DAWG POUND and DAWG POUND.

8. HPAG is the owner of a family of marks including LIL DAWG POUND, Registration No. 1,963,463; TOP DAWG, Registration No. 1,886,130; DAWG POUND, Application Serial No. 74/498198; DA DAWG, Application Serial No. 75/023191; and TOP DAWG, Application Serial No. 75/113517.

9. The National Football League ("NFL") is a group of professional football teams, one of which is the Cleveland Browns, which, on information and belief, is owned and operated by the Browns. The member teams of the NFL engage during the football season in competitive sporting contests, all of which are televised regionally and/or nationally, in various cities throughout the United States, including in New York. The New York Giants and the Buffalo Bills are also member teams of the NFL each of whom play their home contests in New York.

10. HPAG is reliably informed and on the basis of that information alleges that NFLP is an affiliate of the NFL. NFLP is the exclusive trademark licensee of the member teams of the NFL, including the Cleveland Browns. On behalf of the NFL and its member teams, NFLP sublicenses the manufacture and sale of goods and merchandise bearing the logos and trademarks of the member teams.

11. Commencing some time during about 1985 or thereabouts, fans and supporters of the Cleveland Browns who congregated at a particular location in the stadium where the Cleveland Browns play their home games and, to identify themselves as particularly avid supporters of the team, began to refer to that location as the "Dawg Pound." Thus, the term "Dawg Pound" began to be associated in the minds of followers of professional football with the fans and supporters of the Cleveland Browns, but not with the Browns, NFL or NFLP. Neither the Browns nor NFLP used or licensed the mark DAWG POUND or PUPPY POUND prior to HPAG's use and subsequent registration of the DAWG POUND and LIL DAWG POUND marks, respectively.

12. In the spring of 2000, it came to the attention of HPAG that the Browns and/or NFLP were selling and/or licensing products embodying HPAG's various DAWG trademarks in various markets including, but not limited to, the Internet. On information and belief, those licensees include, but are not limited to, VF Imagewear (formerly VF Knitwear), Logo Athletic, Inc., Puma North America, and Reebok International, Inc. Attached hereto as an Appendix is a schedule of licensees ostensibly licensed by or on behalf of the Browns and NFLP.

13. On March 29, 2000, HPAG, via undersigned counsel, sent a letter to the Browns and NFLP, demanding that they immediately cease and desist using HPAG's trademark, DAWG POUND. HPAG subsequently sent cease and desist letter to Defendants' licensees, including VF

Imagewear (formerly VF Knitwear), Logo Athletic, Inc., Puma North America, and Reebok International, Inc.

15. On or about May 8, 2000, the Browns and NFLP filed suit in the United States District Court for the Northern District of Ohio against HPAG, alleging, inter alia, federal unfair competition, federal dilution, deceptive trade practices under Ohio statutory law, unfair competition under Ohio common law, and seeking a declaration that their use of the DAWG POUND mark was noninfringing. The district court dismissed the action on the basis of a lack of personal jurisdiction, and the United States Court of Appeals for the Sixth Circuit affirmed in an unreported opinion, *Cleveland Browns Football Co., LLC v. Hawaii-Pacific Apparel Group, Inc.*, 90 Fed. Appx. 868, 2004 WL 232731 (6th Cir. 2004).

15. The parties have been engaged in various opposition and cancellation proceedings for a protracted period of time and, despite numerous efforts to do so, have not been able to resolve their differences amicably.

16. From and after 2000 and until the present, HPAG has sold authorized apparel and other items utilizing the Lil Dawg Pound and Dawg Pound marks, or derivations thereof. From and after 2000, and despite HPAG's notice of infringement, the Browns and NFLP have continued to license the sale of apparel and other goods utilizing the infringing marks aforesaid in New York and elsewhere, all to the substantial injury of HPAG. Because of the marketing expenditures and resources of the Browns and NFLP, and in view of the ongoing litigation between the parties hereto, sellers of authorized merchandise bearing the marks owned exclusively by HPAG who otherwise would actively promote and sell that merchandise are reluctant to do so because of the false claims of ownership of the various marks aforesaid made by the Browns and NFLP.

12

17. Plaintiff HPAG is and for many years has been a seller and licensor of various kinds of sports and other kinds of apparel. In connection with its business, Plaintiff has created original artwork, graphics, and designs that are utilized on various kinds of wearing apparel, including, but not limited to, tee shirts, sports shirts, baseball caps, pants, shorts, and the like.

18. In connection with its business, Plaintiff has secured over 600 copyright registrations from the United States Copyright Office. These copyrights are extremely valuable intellectual property, the exploitation of which is the essence of Plaintiff's business.

19. Plaintiff brings this action for copyright infringement to redress the systematic, pervasive, and willful theft of its copyrighted designs, logos, graphics, and artwork by Defendants. Composite Exhibit E, which is attached and incorporated by reference, are registration summaries of Plaintiff's copyrighted works which are the subject of this action.

20. In their answer and Counterclaim, Defendants reproduced and attached as their Exhibit B certain graphic designs, most if not all of which are the subject of Plaintiff's copyrights but which were not identified as being the subject of Plaintiff's copyrights. Specifically, the copyrights that are the subject matter of this proceeding are as follows:

| TITLE | REGISTRATION NUMBER | YEAR CREATED |
|---|---|---|
| Rottweiler, the Rage | VA-578-904 | 1991 |
| Dawg Pound | VA-783-281 | 1995 |
| Make Room 4 the Dawg | VA-783-326 | 1995 |
| On Deadly Ground | VA-783-317 | 1994 |
| Bone Crushin' | VA-783-313 | 1994 |
| Bratty 1 | VA-789-411 | 1995 |
| Power Play | VA-783-306 | 1995 |

| | | |
|---|---|---|
| Totally Ripped | VA-783-308 | 1995 |
| Down Under | VA-783-304 | 1995 |
| Dawg Pound | VA-788-390 | 1995 |
| Dawg Pound | VA-894-183 | 1995 |
| Unlawful Entry | VA-783-314 | 1994 |
| Dawg Pound | VA-788-389 | 1995 |
| Dawg Pound | VA-788-396 | 1995 |
| King of the Turf | VA-789-416 | 1995 |

21.  Plaintiff has utilized the aforesaid copyrights in commercial designs which have been licensed in interstate for many years, but at least since about 1991. Defendants had access to Plaintiff's copyrights and trademarks, as hereinbefore alleged, which were utilized by Plaintiff and/or itss licensees on genuine, authentic, and authorized licensed merchandise that was widely available at retail outlets nationwide.

22.  Defendants have deliberately copied and infringed Plaintiff's copyrighted designs, logos, graphics, and artwork by licensing to third-party licensees the rights to reproduce and sell products and services ("the Infringing Products") that infringe protected elements of Plaintiff's copyrighted designs, in particular, the stylized Rottweiler image, the pit bull image, the use of the word DAWG and/or DAWG POUND in their stylized and non-stylized forms, and football motifs in connection with those and related images. Attached hereto and marked Exhibit F is an example of a graphic image utilized by one of the Defendants' authorized licensees that infringes Plaintiff's copyrighted designs.

23.  The Infringing Products resulting from Defendants' infringement and coping have been distributed in interstate commerce to thousands, if not millions of buyers, all without obtaining

Plaintiff's permission as the owner of the copyrights involved and without identifying Plaintiff as the source thereof.

24.  Defendants have systematically used their unauthorized copies to license the sale of wearing apparel and other products, from which infringing activity Defendants have derived and expect in the future to derive substantial profits.  By so doing, Defendants have substantially injured Plaintiff's prospects of exploiting its intellectual property by depriving Plaintiff of a source of sales and licenses and by creating confusion in the minds of consumers regarding the source of the Infringing Products.

25.  By this action, Plaintiff seeks judgment against Defendants: (a) declaring that Defendants' unauthorized copying of Plaintiff's copyrighted works willfully infringes Plaintiff's copyrights in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq.; (b) declaring that Defendants' unauthorized licensing of the manufacture and sale of the Infringing Products willfully infringes Plaintiff's copyrights; and (c) awarding to Plaintiff legal and equitable relief and punitive damages, as specified below, to remedy Defendants' willful and continuing violation of Plaintiff's copyrights.

26.  Plaintiff has at no time licensed or otherwise authorized Defendants to copy, transmit, replicate, or display Plaintiff's copyrighted material either directly or through the medium of third-party licenses.

### COUNT I
### DECLARATORY JUDGMENT UNDER THE COPYRIGHT ACT

27.  Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-26 as if fully set forth here.

28.  By reason of the allegations hereinabove, there exists between the parties an actual controversy, with respect to which Plaintiff is entitled to a declaration that Defendants' unauthorized

copying of Plaintiff's copyrighted works by licensing third parties to utilize Plaintiff's copyrighted works, designs, and images to create infringing apparel and other products throughout the United States, including, New York, willfully infringes Plaintiff's copyrights in violation of the Copyright Act.

## COUNT VI
## COPYRIGHT INFRINGEMENT

29. Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-28 as if fully set forth here.

30. Defendants' unauthorized copying of Plaintiff's copyrighted works by unlawfully licensing the use and sale of the Infringing Products infringes Plaintiff's exclusive right to reproduce and license those works or derivatives thereof under § 106 of the Copyright Act, 17 U.S.C. § 106.

31. Defendants' unauthorized licensing of the Infringing Products infringes Plaintiff's exclusive right to distribute its copyrighted works under § 106 of the Copyright Act, 17 U.S.C. § 106.

32. Defendants' infringement of the copyrights in Plaintiff's copyrighted works has been and continues to be intentional, willful, and with full knowledge of Plaintiff's copyrights.

33. Defendants' conduct, as set forth herein, has caused Plaintiff to suffer substantial actual damages.

34. Upon information and belief, Defendants' conduct, as set forth, has generated substantial profits for Defendants and has given Defendants the opportunity to continue to derive such profits.

WHEREFORE, Plaintiff HPAG prays for relief as follows:

a. That judgment be granted in favor of HPAG and against Defendants, jointly and severally;

b. That the Court declare, pursuant to 28 U.S.C. §§ 2201and 2202, that Defendants' unauthorized copying of Plaintiff's copyrighted works willfully infringes Plaintiff's copyrights in violation of the Copyright Act;

c. With respect to each of the 15 copyrighted works that have been infringed, awarding to Plaintiff, at its election, either (i) the actual damages suffered by Plaintiff and the profits derived by Defendants as a result of Defendants' infringing activities, pursuant to 17 U.S.C. § 504(b), or (ii) statutory damages in the amount of $150,000 for each work infringed, pursuant to 17 U.S.C. § 504(c);

d. Award to Plaintiff prejudgment interest, the costs of this action, its reasonably incurred attorney's fees, and such other and further relief as this Court deems just and proper, all as authorized by 17 U.S.C. § 505.

Dated: February 11, 2005  
Floral Park, California

Respectfully submitted,

By: ___/s/_____  
Christine Karol Roberts CR 0669  
LAW OFFICES OF CHRISTINE KAROL ROBERTS  
1109 West 21st Street  
Floral Park, CA  92706  
Telephone:  (714) 479-0024  
Facsimile:  (714) 479-0025

ATTORNEY FOR HAWAII-PACIFIC APPAREL GROUP, INC.

**APPENDIX OF BROWNS LICENSEES**

Lee Sport
c/o VF Knitwear
Post Office Box 5423
Walker Road
Martinsville, VA  24115-5423

Puma North America, Inc.
5 Lyberty Way
Westford, MA  01886

Logo Athletic, Inc.
8677 Logo Athletic Court
Indianapolis, IN  46219

Reebok International, Ltd.
1895 J.W. Foster Boulevard
Canton, MA  02021

Sportsline.com, Inc.
Post Office Box 10127
Fort Lauderdale, FL  33310

Browns Team Shop
10250 Brecksville Road
Brecksville, OH  44141