UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAWAII-PACIFIC APPAREL GROUP, INC.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>-against-<br><br>CLEVELAND BROWNS FOOTBALL COMPANY LLC and NATIONAL FOOTBALL LEAGUE PROPERTIES, INC.,<br><br>Defendants/Counterclaim Plaintiffs. | Case No.: 04 CV 7863 (DC)<br><br>Judge: The Honorable Denny Chin<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COUNTERCLAIMS FOR COPYRIGHT INFRINGEMENT** |

Defendants/Counterclaim Plaintiffs Cleveland Browns Football Company LLC (the "Cleveland Browns" or the "Browns") and NFL Properties LLC, as successor-in-interest to National Football League Properties, Inc. ("NFLP"), by their attorneys White & Case LLP, answer the counterclaims of Plaintiff/Counterclaim Defendant Hawaii-Pacific Apparel Group, Inc. ("HPAG") as follows:

## PARTIES AND JURISDICTION

1. The Browns and NFLP admit that HPAG purports to allege that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and admit that HPAG purports to bring a suit for copyright infringement under 17 U.S.C. § 501 and except as so admitted deny the remaining allegations of Paragraph 1 of the Counterclaims.

2. The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Counterclaims.

3. The Browns and NFLP admit the allegations of Paragraph 3 of the Counterclaims.

NEWYORK 4807367 (2K)

4. The Browns and NFLP deny the allegations of Paragraph 4 of the Counterclaims and aver that NFL Properties LLC, the successor-in-interest to National Football League Properties, Inc., is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 280 Park Avenue, New York, New York 10017. For purposes of this Answer, all allegations in the Counterclaims as to "NFLP" shall be treated as allegations against NFL Properties LLC, the successor-in-interest to National Football League Properties, Inc.

5. The Browns and NFLP admit that HPAG purports to allege that the Court has personal jurisdiction pursuant to N.Y. C.P.L.R. 302(a)(1) and (a)(2), admit that HPAG purports to allege that venue is proper in this District under 28 U.S.C. § 1391(b)(2) and except as so admitted deny the remaining allegations of Paragraph 5 of the Counterclaims.

## COMMON FACTUAL ALLEGATIONS

6. The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Counterclaims.

7. The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Counterclaims.

8. The Browns and NFLP deny the allegations of Paragraph 8 of the Counterclaims.

9. The Browns and NFLP admit that the National Football League is an unincorporated association of member clubs, including the Cleveland Browns club, the New York Giants club and the Buffalo Bills club, admit that the member clubs play competitive

football games that are broadcast in various cities throughout the United States, some of which are broadcast in New York, admit that the Buffalo Bills club plays its home games in Buffalo, New York and except as so admitted deny the remaining allegations of Paragraph 9 of the Counterclaims.

10. The Browns and NFLP admit that NFLP is an entity related to the NFL, admit that NFLP licenses the trademarks of the member clubs of the NFL, including the Cleveland Browns, for use in connection with various goods and merchandise and except as so admitted deny the remaining allegations of Paragraph 10 of the Counterclaims.

11. The Browns and NFLP deny the allegations of Paragraph 11 of the Counterclaims, and aver that before HPAG's purported use of the DAWG POUND and LIL DAWG POUND marks, (i) the public associated the term "Dawg Pound" with the Browns and the NFL and (ii) the Browns and NFLP entered into license agreements with manufacturers and distributors of merchandise to use variations of the DAWG mark in connection with authorized goods. The Browns and NFLP set forth these facts more fully in their Counterclaims, infra.

12. The Browns and NFLP admit that Lee Sport, Puma North America, Inc., Logo Athletic, Inc., Reebok International, Ltd, Sportsline.com, Inc. and Browns Team Shop are or have been authorized licensees, brands or retailers of the Browns and NFLP for products bearing the trademarks of the Cleveland Browns, including the DAWG POUND mark and except as so admitted are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 of the Counterclaims.

13. The Browns and NFLP admit that on or after March 31, 2000 counsel for the Browns and NFLP received a letter from counsel for HPAG claiming rights in the Browns'

DAWG POUND mark and except as so admitted deny the remaining allegations of Paragraph 14 of the Counterclaims.

14. The Browns and NFLP admit the allegations of Paragraph 14 of the Counterclaims and aver that the Browns and NFLP also sought a declaration that their use of the DAWG POUND mark was non-dilutive.

15. The Browns and NFLP admit the allegations in Paragraph 15 of the Counterclaims.

16. The Browns and NFLP deny the allegations of Paragraph 16 of the Counterclaims.

17. The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Counterclaims.

18. The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Counterclaims.

19. The Browns and NFLP deny the allegations in the first sentence of Paragraph 19 of the Counterclaims. The Browns and NFLP aver that Exhibit E speaks for itself.

20. The Browns and NFLP admit that they reproduced and attached as Exhibit B to Defendants' Answer, Affirmative Defenses and Counterclaims copies of various designs of HPAG's bearing football indicia, including footballs and helmets. The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 of the Counterclaims.

21. The Browns and NFLP are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 21 of the Counterclaims. The Browns and NFLP deny the remaining allegations of Paragraph 21 of the Counterclaims.

22. The Browns and NFLP deny the allegations of Paragraph 22 of the Counterclaims.

23. The Browns and NFLP deny the allegations of Paragraph 23 of the Counterclaims.

24. The Browns and NFLP deny the allegations of Paragraph 24 of the Counterclaims.

25. The Browns and NFLP cannot admit or deny paragraph 25 of the Counterclaims because it does not contain allegations.

26. The Browns and NFLP admit that they were not licensees of Plaintiff and except as so admitted, deny the remaining allegations of Paragraph 26 of the Counterclaims.

## COUNT I
## DECLARATORY JUDGEMENT UNDER THE COPYRIGHT ACT

27. The Browns and NFLP reassert and incorporate by reference the responses to the allegations in Paragraphs 1 through 26 of the Counterclaims.

28. The Browns and NFLP deny the allegations in Paragraph 28 of the Counterclaims.

## COUNT VI
## COPYRIGHT INFRINGMENT

29.     The Browns and NFLP reassert and incorporate by reference the responses to the allegations in Paragraphs 1 through 28 of the Counterclaims.

30.     The Browns and NFLP deny the allegations in Paragraph 30 of the Counterclaims.

31.     The Browns and NFLP deny the allegations in Paragraph 31 of the Counterclaims.

32.     The Browns and NFLP deny the allegations in Paragraph 32 of the Counterclaims

33.     The Browns and NFLP deny the allegations in Paragraph 33 of the Counterclaims.

34.     The Browns and NFLP deny the allegations in Paragraph 34 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

35.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

36.  Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

37.  Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

38.  Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

39.  Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

40.  Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

41.  Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred, in whole or in part, because Defendants independently created the works at issue.

## NINTH AFFIRMATIVE DEFENSE

43. Plaintiff failed to mitigate damages, if any.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request judgment in its favor and against Plaintiff ordering and declaring that:

(a) Plaintiff's claim be dismissed in its entirety with prejudice;

(b) Plaintiff is not entitled to any damages or any other relief requested in Plaintiff's counterclaims; and

(c) Defendants be awarded its reasonable attorneys' fees and costs under 17 U.S.C. § 505;

(d) Defendants be granted such other and further relief as to this Court seems just and proper.

Dated: New York, New York
April 19, 2005

*/s/ Jessica A. Rose*
Robert L. Raskopf (RR-5022)
Jennifer J. Millones (JJ-3470)
Jessica A. Rose (JR-4300)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

ATTORNEYS FOR
DEFENDANTS/COUNTERCLAIM
PLAINTIFFS