UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HAWAII-PACIFIC APPAREL GROUP, INC.** <br> 3037 Vail Avenue <br> Los Angeles, California  90040, <br><br> Plaintiff/Counterclaim Defendant, <br><br> vs. <br><br> **CLEVELAND BROWNS FOOTBALL COMPANY, LLC** <br> 76 Lou Groza Boulevard <br> Berea, Ohio  44017 <br><br> and <br><br> **NATIONAL FOOTBALL LEAGUE PROPERTIES, INC.** <br> 280 Park Avenue <br> New York, New York  10017, <br><br> Defendants/Counterclaim Plaintiffs. | Case No. 04 CV 7863 (DC) <br><br> Judge: <br> **The Honorable Denny Chin** |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE RE:  MOTION
FOR PARTIAL SUMMARY JUDGMENT ON PRIORITY**

The Plaintiff, HAWAII-PACIFIC APPAREL GROUP, INC. ("HP"), through counsel, herewith submits its Statement of Material Facts Not In Dispute Re:  Motion for Partial Summary Judgment on Priority, opposing the claim of priority asserted herein by Defendants CLEVELAND BROWNS FOOTBALL COMPANY, LLC ("the Browns"), and NATIONAL FOOTBALL LEAGUE PROPERTIES, LLC, as successors-in-interest to NATIONAL FOOTBALL LEAGUE PROPERTIES, INC. ("NFLP").

1

THE FOLLOWING MATERIAL FACTS ARE NOT IN DISPUTE

1.      Hawaii-Pacific Apparel Group, Inc. ("HP"), is a Hawaii corporation with its principal place of business at 3037 Vail Avenue, Los Angeles, California 90040.

2.      Cleveland Browns Football Company, LLC ("the Browns"), is a Delaware limited liability company with its principal place of business at 76 Lou Groza Boulevard, Berea, Ohio 44017.

3.      National Football League Properties, Inc. ("NFLP"), is a California corporation with its principal place of business at 280 Park Avenue, New York, New York  10017.

4.      The National Football League ("NFL") is a group of professional football teams, one of which is the Cleveland Browns, which is owned and operated by the Browns.  The member teams of the NFL engage during the football season in competitive sporting contests, all of which are televised regionally and/or nationally.

5.      NFLP is an affiliate of the NFL.  NFLP is the exclusive trademark licensee of the member teams of the NFL, including the Cleveland Browns.  On behalf of the NFL and its member teams, NFLP sublicenses the manufacture and sale of goods and merchandise bearing the logos and trademarks of the member teams.

6.      The Cleveland Browns played football as one of the member clubs of the NFL from about the early 1950s until the team moved to Baltimore, which move was announced on November 6, 1995.  A new Cleveland Browns football club began playing football in Cleveland commencing with the 1999 season.

7.      Since 1986, HP has been engaged in the sale of wearing apparel and footwear, and such sales have extended throughout the United States over the years subsequently and continuously up to the date hereof.

8.    Commencing some time in 1985 or thereabouts, fans and supporters of the Cleveland Browns who congregated at a particular location in Municipal Stadium in Cleveland (where the Cleveland Browns then played their home games) began to identify themselves as particularly avid supporters of the team and referred to that location as the "dawg pound." Certain of the Browns players also became known as "the dawgs."

9.    The "old" Browns on or about November 1, 1985, filed with the Secretary of State of Ohio three trademark registration applications using the term CLEVELAND BROWNS, together with DOGS or DAWGS and a graphic football motif. Registrations issued, but all three registrations were canceled for nonrenewal in November and December of 1995.

10.    On or about June 30, 1988, an application by the Browns to register the mark DAWG with the State of Ohio was rejected because of a risk of confusion with other marks registered in Ohio and other corporate names.

11.    The term DAWG POUND was adopted as a trademark on behalf of HP by its founder and principal Donald Shepard in about 1991.

12.    Since at least March 1, 1994, and March 8, 1994, respectively, HP began using trademarks consisting of the words LIL DAWG POUND and DAWG POUND for the purpose of identifying its goods and distinguishing them from the goods of other manufacturers and sellers.

13.    The first actual shipment of goods by HP in connection with the DAWG POUND mark was on or about May 6, 1994, to a Wal-Mart store in Mililani, Hawaii, and on August 11, 1994, to a Mervyn's store in West Valley City, Utah.

14.    HP applied to register the mark DAWG POUND in Class 25 on March 8, 1994, but that application was opposed by NFLP and is now suspended, pending the outcome of this litigation.

3

15. HP is the owner of the trademark LIL DAWG POUND, U.S. Registration No. 1,963,463 in International Class 25, which issued on March 19, 1996, in favor of HP. The application for registration alleged first use of the mark in commerce on March 1, 1994. The application was unopposed and uncontested.

16. The first actual shipment of goods by HP bearing the mark LIL DAWG POUND was to a Mervyn's store on or about April 6, 1995.

17. HP is the owner of the trademark TOP DAWG, U.S. Registration No. 1,886,130 in Class 25, which issued on March 28, 1995, in favor of HP. The application for registration alleged first use of the mark in commerce on February 1, 1991. The application was unopposed and uncontested.

18. The first shipment of goods bearing the TOP DAWG mark by HP was on or about November 17, 1991, to an Iacon store in Scottsdale, Arizona.

19. The first shipment of goods bearing the DA DAWG mark by HP was on or about January 22, 1997, to a Wal-Mart warehouse in Palestine, Texas.

20. Advertising and promotional allowances for goods sold bearing DAWG marks were made to HP by Wal-Mart as early as May 20, 1999, and by K-Mart from about May 25, 2000.

21. HP's registered trademarks, as displayed on HP's garments and other products, are accompanied by the symbol ® to provide notice that the trademark has been registered.

22. The Browns filed the following intent-to-use applications with the U.S. Patent & Trademark Office for the marks indicated, pursuant to 15 U.S.C. § 1051(b):

> Application No. 75/668612 filed March 26, 1999 for DAWG POUND; nonfinal action of denial mailed Sept. 9, 1999;
>
> Application No. 75/687371 filed April 20, 1999 for DAWG POUND (graphic image); nonfinal action of denial mailed Oct. 20, 1999;

4

Application No. 75/687370 filed April 20, 1999 for DAWG POUND (graphic image); nonfinal action of denial mailed Sept. 16, 1999;

Application No. 75/687369 filed April 20, 1999 for DAWG POUND (graphic image); nonfinal action of denial mailed Oct. 20, 1999;

Application No. 75/687368 filed April 20, 1999 for DAWG POUND (graphic image); nonfinal action of denial mailed Sept. 8, 1999;

Application No. 75/786051 filed August 28, 1999 for PUPPY POUND; nonfinal action of denial mailed Jan. 6, 2000.

23. Registration was refused by the PTO with respect to the foregoing applications, based on the risk of confusion with HP's previously registered LIL DAWG POUND mark and earlier application to register the mark DAWG POUND.

24. The earliest use by the Browns or NFLP of the mark DAWG POUND in commerce in connection with the sale of goods in International Class 25 was in 1999 or 2000.

25. On March 29, 2000, HP, via undersigned counsel, sent a letter to the Browns and NFLP, demanding that they immediately cease and desist using HP's trademark, DAWG POUND.

26. On or about May 8, 2000, the Browns and NFLP filed suit in the United States District Court for the Northern District of Ohio against HP, alleging, inter alia, federal unfair competition, federal dilution, deceptive trade practices under Ohio statutory law, unfair competition under Ohio common law, and seeking a declaration that their use of the DAWG POUND mark was noninfringing. The district court dismissed the action on the basis of a lack of personal jurisdiction, and the United States Court of Appeals for the Sixth Circuit affirmed in an unreported opinion, *Cleveland Browns Football Co., LLC v. Hawaii-Pacific Apparel Group, Inc.*, 90 Fed. Appx. 868, 2004 WL 232731 (6th Cir. 2004).

27.     Similar and competing wearing apparel goods bearing the DAWG POUND mark were sold in Ohio and elsewhere from and after 1999, and the source of those goods was, in some cases, HP, and in other cases NFLP and/or the Browns.

28.     HP's products bearing the marks in suit are sold or licensed by HP in interstate commerce, and the products, bearing the marks in suit which have been sold or licensed by the Browns and/or NFLP, are sold or offered for sale in interstate commerce.

          Respectfully submitted,

          _____
          Christine Karol Roberts, CR 0669
          Law Offices of Christine Karol Roberts
          1109 West Twenty-first Street
          Floral Park, California 92706
          Telephone:  (714) 479-0024

          Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

  I, CHRISTINE KAROL ROBERTS, do hereby certify that a copy of the foregoing motion was served on opposing counsel this _____ day of June 2005, by mailing a copy of the same, first-class United States postage prepaid and by electronic transmission, to the following addressee:

Robert L. Raskopf, Esquire
White & Case, L.L.P.
1155 Avenue of the Americas
New York, New York  10036-2787

                _____
                Christine Karol Roberts, Esquire