UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HAWAII-PACIFIC APPAREL GROUP, INC.** ) <br> 3037 Vail Avenue ) <br> Los Angeles, California  90040, ) <br> ) <br> Plaintiff/Counterclaim Defendant/ ) <br> Counterclaim Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **CLEVELAND BROWNS FOOTBALL COMPANY, LLC** ) <br> 76 Lou Groza Boulevard ) <br> Berea, Ohio  44017 ) <br> ) <br> and ) <br> ) <br> **NATIONAL FOOTBALL LEAGUE PROPERTIES, INC.** ) <br> 280 Park Avenue ) <br> New York, New York  10017, ) <br> ) <br> Defendants/Counterclaim Plaintiffs/ ) <br> Counterclaim Defendants. ) | Case No. 04 CV 7863 (DC) <br><br> Judge: <br> The Honorable Denny Chin |

### RESPONSE OF PLAINTIFF TO DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE RE:  MOTION FOR PARTIAL SUMMARY JUDGMENT ON PRIORITY

The Plaintiff, HAWAII-PACIFIC APPAREL GROUP, INC. ("HP"), through counsel, herewith submits its Response to Defendants' Statement of Material Facts Not In Dispute Re: Motion for Partial Summary Judgment on Priority, opposing the claim of priority asserted herein by Defendants CLEVELAND BROWNS FOOTBALL COMPANY, LLC ("the Browns"), and NATIONAL FOOTBALL LEAGUE PROPERTIES, LLC, as successors-in-interest to NATIONAL FOOTBALL LEAGUE PROPERTIES, INC. ("NFLP").

1

1. Undisputed.

2. Undisputed.

3. It is undisputed that NFLP granted licenses to licensees, but the licenses that were granted to particular licensees speak for themselves, and in that respect the characterization of the licenses by the declarants is disputed. (*See* McDowell Decl. Ex. 11 ("Cleveland Dawgs"); Ex. 14 ("Cleveland Dawgs"; "Dawgs"); Ex. 15 ("Dawgs"); Ex. 22 ("Dawg Devil"); Ex. 25 ("Dawg" tags).)

4. It is undisputed that NFLP granted club mark licenses to licensees, but it is disputed that NFLP or the Browns ever had authority to license the DAWG POUND or DAWGS mark, nor did they license the mark DAWG POUND, the mark in suit, at least not until about 1998 or 1999. (*See* Response to 3.)

5. It is undisputed that NFLP received license sales revenues from licenses, but it is disputed that NFLP ever had authority to license the DAWG POUND or DAWGS mark, nor did they license the mark DAWG POUND, the mark in suit, at least not until about 1998 or 1999. (*See* Response to 3.)

6. It is undisputed that NFLP received license revenues, which were reflected in certain reports, as alleged. To the extent the allegation suggests or implies that the reports may have reflected sales of products using the DAWG POUND mark, the allegation is disputed as unsupported by the documentary support cited.

7. Undisputed.

8. Undisputed.

9. It is undisputed that NFLP from time to time licenses retailers, but it is disputed that NFLP ever had authority to license the DAWG POUND or DAWGS mark, nor did they license the mark DAWG POUND, the mark in suit, at least not until about 1998 or 1999. (*See* Response to 3.)

10. Undisputed.

11. Undisputed.

12. Undisputed.

13. Undisputed, except that there was a hiatus from 1995 until 1999 when no NFL team played football in Cleveland. (*See* Exs. F, G to Plaintiff's Response to Defendants' Motion for Partial Summary Judgment.)

14. Undisputed.

15. Disputed. (Shepherd Dep. at 47, ll. 5-14.)

16. Disputed. (Shepherd Dep. at 84, ll. 5-10.)

17. Disputed. Neither NFLP nor the Browns ever had the right to use the mark DAWG POUND. The reference does not support the allegation that DAWGS or DAWG POUND was used by the Browns or NFLP as a trademark.

18. Undisputed, except that the Browns never had a valid DAWGS trademark, the application for which was refused by the State of Ohio because it is descriptive. (Ex. D filed in connection with Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment.)

19. Undisputed, but irrelevant. The copyright incorporates the term "dawgs," which is not protectable as a trademark because descriptive. The mark in suit is DAWG POUND, not "dawgs."

20. Disputed. The reference is hearsay unsupported by any documentation.

21. Disputed. There is no documentary evidence that either the Browns or NFLP licensed the mark DAWG POUND until about 1998 or 1999. The illustration used to substantiate the declaration, Ex. 16 to Declaration of Ann McDowell, flatly contradicts it.

22. Disputed. There is no evidence that the merchandise to which the declaration refers was licensed by either the Browns or NFLP. (Composite Ex. B to Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment.)

23. Disputed. The references are hearsay unsupported by any documentation. There is no documentary evidence that either the Browns or NFLP licensed the mark DAWG POUND, at least not until about 1998 or 1999.

24. Disputed. The references are hearsay unsupported by any documentation. There is no documentary evidence that either the Browns or NFLP licensed the mark DAWG POUND, at least not until about 1998 or 1999.

25. Disputed. The references are hearsay unsupported by any documentation. There is no documentary evidence that either the Browns or NFLP licensed the mark DAWG POUND, at least not until about 1998 or 1999. (*See* Decl. of Ann McDowell Ex. 18 ("Cleveland Brown [sic] Dogs").)

26. Disputed. The references are hearsay unsupported by any documentation. There is no documentary evidence that either the Browns or NFLP licensed the mark DAWG POUND, at least not until about 1998 or 1999.

27. Disputed. The references are hearsay unsupported by any documentation. There is no documentary evidence that either the Browns or NFLP licensed the mark DAWG POUND, at least not until about 1998 or 1999.

28. Undisputed.

29. Undisputed.

30. Undisputed, except that the reference to "dawg pound" does not amount to a trademark use and, therefore, is irrelevant.

31. Disputed. The references are hearsay unsupported by any documentation. There is no documentary evidence that either the Browns or NFLP licensed the mark DAWG POUND, at least not until about 1998 or 1999.

32. Disputed. The references are hearsay unsupported by any documentation. There is no documentary evidence that either the Browns or NFLP licensed the mark DAWG POUND, at least not until about 1998 or 1999.

33. Disputed as irrelevant. The mark in suit was used in International Class 25. The use of the term "dawg pound" is not a trademark use.

34. Disputed as irrelevant. The references to "dawg pound" do not involve a trademark use.

35. Undisputed.

36. Disputed as irrelevant. The references to "dawg pound" do not involve a trademark use.

37. Undisputed but irrelevant. The references to "dawg pound" do not involve a trademark use.

38. Undisputed.

39. Disputed as irrelevant. The references to "dawg pound" do not involve a trademark use.

40. Disputed as irrelevant. There is no documentary evidence that either the Browns or NFLP licensed the mark DAWG POUND, at least not until about 1998 or 1999.

41. It is undisputed that HP began using the marks as alleged and began selling merchandise using the marks as alleged. To the extent that the allegation infers or implies that HP required the consent of NFLP or the Browns, it is disputed.

## PLAINTIFF'S STATEMENT OF PROPOSED
## ADDITIONAL FACTS NOT IN DISPUTE

42. On or about April 9, 1999, Mr. Carmen A. Policy, president of the Browns, submitted on behalf of the Browns an "intent-to-use" application for the mark PUPPY POUND. (Ex. D to Plaintiff's Memorandum in Opposition.)

43. Registration for the mark PUPPY POUND was refused by the USPTO based on the risk of confusion with HP's registered marks and its application to register the mark DAWG POUND. (Composite Ex. I to Plaintiff's Memorandum in Opposition.)

44. On or about August 13, 1996, assignments of trademarks were executed on behalf of the Baltimore Ravens (the successors to the Cleveland Browns) in favor of an entity known as the Browns Holding Trust, Paul J. Tagliabue, trustee. In none of those assignments was the mark DAWG POUND assigned. (Composite Ex. E to Plaintiff's Memorandum in Opposition.)

45. NFLP never permitted a licensee to manufacture a product covered by a license agreement with it unless the licensee first submitted for NFLP's approval the artwork and/or other form of graphics to be used on the product. (Composite Ex. L; Ex. P., ¶ 4 (NFLP 07091) to Plaintiff's Memorandum in Opposition.)

Respectfully submitted,

_____
Christine Karol Roberts, CR 0669
Law Offices of Christine Karol Roberts
1109 West Twenty-first Street
Floral Park, California  92706
Telephone:  (714) 479-0024

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

     I, CHRISTINE KAROL ROBERTS, do hereby certify that a copy of the foregoing revised statement was served on opposing counsel this _____ day of July 2005, by transmitting a copy of the same, by overnight delivery, charges prepaid and by electronic transmission, to the following addressee:

Robert L. Raskopf, Esquire
White & Case, L.L.P.
1155 Avenue of the Americas
New York, New York  10036-2787

                                        _____
                                        Christine Karol Roberts, Esquire